ORDERED in the Southern District of Florida on _____



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

E.S. BANKEST L.C.,

    Debtor.
_____/

LEWIS B. FREEMAN,

    Plaintiff,

vs.

BDO SEIDMAN, LLP, BDO
INTERNATIONAL, B.V., SANDOR
LENNER, KEITH ELLENBERG,

    Defendants.
_____/

Chapter 11
Case No. 04-17602-BKC-AJC

Adv. Pro. No. 06-1220-BKC-AJC-A

**ORDER DENYING (I) BDO SEIDMAN, LLP AND SANDOR LENNER'S MOTION TO DISMISS ADVERSARY COMPLAINT, AND (II) BDO GLOBAL COORDINATION, B.V.'S MOTION TO DISMISS ADVERSARY COMPLAINT WITH RESPECT TO THE FLORIDA DECEPTIVE AND UNFAIR PRACTICES ACT**

**THE MATTER** came before the Court on July 13, 2006 at 2:30 p.m. in Miami, Florida upon the (1) Motion of Defendants BDO Seidman, LLP ("BDO") and Sandor Lenner to Dismiss Adversary Complaint ("BDO Seidman Motion") (C.P.#14), (2) BDO Global Coordination, B.V.'s[1] Motion to Dismiss Adversary Complaint ("BDO Int'l Motion") (C.P.#31), (3) Defendant Keith Ellenberg's Joinder in Motion by BDO Seidman, LLP and Sandor Lenner to Dismiss Freeman's Complaint (the "Joinder") (C.P.#17) (collectively, the BDO Seidman Motion, BDO Int'l Motion and Joinder shall be referred to herein as the "Motion to Dismiss"), and (4) Plaintiff's Response in Opposition to (i) BDO Seidman, LLP and Sandor Lenner's Motion to Dismiss Adversary Complaint and, (ii) BDO Global Coordination, B.V.'s Motion to Dismiss Adversary Complaint. (C.P. #64) The Court has reviewed the above-identified pleadings, the Court file in this adversary proceeding and the main case, and heard argument of counsel.

By this Order, the Court denies the Motion to Dismiss based on BDO's arguments that Plaintiff Lewis B. Freeman ("Freeman") has failed to state a claim for relief under Count III of the Complaint which alleges violations of the Florida Deceptive and Unfair Practices Act.

### Facts

In light of the standard applicable to motions to dismiss, to wit, that a trial court "must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff," *In re Johannessen*, 76 F.3d 347, 350 (11th Cir. 1996); *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004), the Court adopts the facts as alleged in the Complaint and incorporates those facts herein in their entirety.

---

[1] The Adversary Complaint for Damages ("Complaint") filed February 22, 2006 names as a Defendant BDO International B.V, which is the alias of BDO Global Coordination B.V. (BDO Int'l Motion at 1.) For consistency, the Court refers to this entity as "BDO International."

2

## Analysis

### I. Legal Standards Applicable to Motions to Dismiss

When determining a motion to dismiss, the Court "must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff" *Johannessen*, 76 F.3d at 350; *see also Kirwin*, 391 F.3d at 1325. "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). The threshold is similarly low when the defendant moves to dismiss on the grounds that the plaintiff lacks standing. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1536 & n.5 (11th Cir. 1994) (reversing the district court's order granting a motion to dismiss based on standing and "reiterat[ing] that we may only affirm the dismissal of the complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). At bottom, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Hollywood Comm. Synagogue, Inc. v. City of Hollywood*, 430 F. Supp. 2d 1296, 1309 (S.D. Fla. 2006) citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### II. The Complaint States a Claim Under the Florida Deceptive and Unfair Practices Act.

The Complaint asserts a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. ("FDUTPA") against BDO International on the grounds that it controlled BDO Seidman (a factual finding affirmed by the Florida Court of Appeals) and made a series of representations guaranteeing the standards of each of its member firms, including BDO Seidman, which were deceptive and unconscionable. (Compl. ¶¶ 60-76.) BDO International argues that Freeman's FDUTPA claim should be dismissed because the Complaint

3

does not allege that Bankest suffered "actual damages," *i.e.* that the value of the services Bankest received from BDO was less than the value of the services for which Bankest bargained. (BDO Int'l Mot. at 15.)

Upon review of the Complaint, the Court believes Plaintiff has sufficiently alleged that he is seeking actual damages, so as to support his claim under FDUTPA. The Complaint alleges that BDO performed five "worthless" audits, that Bankest paid BDO, BDO International's agent, for the audits and seeks actual damages as part of the relief sought against all defendants, including BDO International. (Compl. ¶¶ 27-47, 81(b), 112, 114 and at 39.) *See Tri-County Plumbing Servs., Inc. v. Brown*, 921 So. 2d 20, 22 (Fla. 3d DCA 2006) (upholding award of damages under FDUTPA where defendant's "incomplete work was valueless" to plaintiff).

BDO International relies on cases in which courts reviewed whether actual damages had been proven at trial. *See, e.g., Himes v. Brown & Co. Secs. Co.*, 518 So. 2d 937 (Fla. 3d DCA 1988) (reversing judgment for plaintiff on FDUTPA claim when plaintiff failed to prove any out of pocket damages). These cases are inapplicable to a motion to dismiss. *See Samuels v. King Motor Co.*, 782 So. 2d 489 (Fla. 4th DCA 2001) (denying motion to dismiss FDUPTA claim and holding that FDTUPA is to be "liberally construed").

For the reasons set forth herein it is,

**ORDERED AND ADJUDGED** that the Motions to Dismiss as to Count III of the Complaint are DENIED. Defendants shall file an answer to the Plaintiff's Complaint within twenty (20) days of the date of this order.

# # #

**Submitted by:**
Paul J. Battista, Esq.
pbattista@gjb-law.com
GENOVESE, JOBLOVE & BATTISTA, P.A.
Bank of America Tower Int'l Place
100 S.E. 2nd Ave., 44th Floor
Miami, FL 33131
Tel. (305) 349-2300
Fax (305) 349-2310

**Copies to:**
Paul Battista, Esq.
*(Attorney Battista shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*