ORDERED in the Southern District of Florida on  MAR 18 2008
_____



_____
A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CHAPTER 11 |
| E.S. Bankest, L.C., | |
| Debtor. | Case No. 04-17602-BKC-AJC |
| _____/ | |
| LEWIS B. FREEMAN, Responsible Officer for the Reorganized Debtor, E.S. Bankest, L.C., a Florida Limited Liability Corporation, | |
| | Adv. Pro. No. 06-1220-BKC-AJC-A |
| Plaintiff, | |
| vs. | |
| BDO SEIDMAN, LLP, BDO INTERNATIONAL B.V., SANDOR LENNER, and KEITH ELLENBURG | |
| Defendants. | |
| _____/ | |

### MEMORANDUM DECISION AND ORDER GRANTING MOTION OF BDO SEIDMAN, LLP FOR A PROTECTIVE ORDER

**THIS MATTER** came before the Court for hearing on Wednesday, February 20, 2008 at 11:00 a.m., on the ***Motion of BDO Seidman, LLP for a Protective Order*** (the "Motion") (D.E. 175). By way of the Motion, BDO Seidman, LLP ("BDO") seeks the entry of a protective order prohibiting discovery of confidential financial information sought by Plaintiff, Lewis B. Freeman ("Freeman"), Responsible Officer for the Reorganized Debtor, E.S. Bankest, L.C., pursuant to a Notice of Taking Rule 30(b)(6) Video Deposition (the "Notice") served on January 29, 2008 (D.E. 174). For the reasons set forth herein the Motion is GRANTED, without prejudice to Freeman's right to renew the Notice not more than thirty (30) days prior to the trial of this Adversary Proceeding, subject to the conditions and limitations set forth herein.

## Background and Arguments of the Parties

This Adversary Proceeding commenced on February 2, 2006 when Freeman filed a multi-count Complaint (D.E. 1) against BDO, Sandor Lenner, Keith Ellenburg,[1] and BDO International, B.V.[2] (collectively, the "Defendants"), arising from BDO's allegedly negligent audits of the Debtor, E.S. Bankest, L.C. The claims in the Complaint are non-core and the reference has been withdrawn, but this Court is handling all pretrial matters in this cause, and accordingly has jurisdiction to enter this Memorandum Decision and Order.

This discovery dispute arose when Freeman served the Notice on BDO shortly after Banco Espirito Santo International, Ltd., and certain of its affiliates ("collectively, "Espirito Santo"), were rebuffed in their effort to obtain discovery in aid of execution

---

[1] The Court dismissed Keith Ellenburg without prejudice as a defendant in this Adversary Proceeding. (D.E. 160).
[2] BDO International, B.V., is now known as BDO Global Coordination, B.V.

from BDO in a parallel case in state court, *Banco Espirito Santo, Ltd., et al. v. BDO Seidman, LLP*, Miami-Dade Circuit Court Case No. 04-14009 CA 31 (the "State Court Action"). Espirito Santo, the only remaining unpaid creditor in the underlying Chapter 11 case in which this Adversary Proceeding arises, holds both an allowed secured claim in the amount of $172,711,000.00 in the Chapter 11 case[3] and what it contends is a Final Judgment against BDO in the State Court Action in excess of $522 million. BDO has filed an appeal of that purported Final Judgment to the Florida Third District Court of Appeal and obtained a stay of execution in the State Court Action conditioned upon the posting of a $50 million bond, as a result of which the Judge in that Action has determined that Espirito Santo may not proceed under a Notice of Taking Deposition Duces Tecum in Aid of Execution (the "Notice of Deposition") served on BDO on January 22, 2008.

After Espirito Santo's efforts to obtain discovery in aid of execution in the State Court Action were stayed, Freeman served the Notice seeking financial information from BDO in this Adversary Proceeding.[4] The Notice seeks the deposition of a BDO corporate representative with knowledge and information concerning BDO's current and projected future financial condition: "any large distributions within the last year or expected between 2008 and 2011;" "BDO's ability to obtain financing . . .;" "BDO's projected budget for 2008 through 2011 . . .;" "BDO's growth projections for 2008 through 2011;" "[a]ll business forecasts for BDO for 2008 through 2011;" "BDO's historical revenue from 2000 to the present;" "[t]he total amount paid to employees and partners in 2007 and projected for 2008 through 2011 . . .;" "[a]ll financial arrangements

---

[3] *See*, Second Amended Plan of Liquidation (D.E. 364 in Case No. 04-17602-BKC-AJC, at p.24)
[4] The Notice was issued pursuant to Fed.R.Civ.P. 30(b)(6), which is made applicable to this Adversary Proceeding by Fed. R. Bank. P. 7030.

and/or agreements between BDO, BDO International, and any member firm of the BDO network . . . and any company or organization with an alliance relationship with BDO . . .;" and "[t]he value of any and all outstanding judgments against BDO. . . ."

In its Motion, BDO contends that the Notice and the discovery sought therein is "an end run" around the stay of discovery in aid of execution for which it posted a bond in the parallel State Court Action. In support of this position, BDO argues, and Freeman does not contest, that this Adversary Proceeding seeks the same measure of compensatory damages and arises out of the same BDO audits of E.S. Bankest -- the same nucleus of operative fact -- as the State Court Action in which Espirito Santo obtained the award from which BDO has filed an appeal. Accordingly, BDO contends that in seeking the detailed financial information in the Notice, Freeman is acting as a "surrogate" for Espirito Santo in its efforts to obtain discovery in aid of execution in the State Court Action. BDO also argues that the financial information sought in the Notice is not subject to disclosure because it is confidential and proprietary information that is irrelevant to any material fact to be tried in this Adversary Proceeding, and that even the claim for punitive damages in the Complaint does not entitle Freeman to the broad scope of financial information and future projections requested at this time.[5]

In response to the Motion, Freeman filed *Plaintiff's Opposition to BDO Seidman, LLP's Motion for a Protective Order* (the "Opposition"), contending that he is entitled to the discovery because it is relevant to his claim against BDO for punitive damages. (D.E. 182). Moreover, Freeman argues that he has a fiduciary duty to the estate to determine

---

[5] Pursuant to Local Rule 7027-1(b), the filing of a motion for protective order stays a deposition until the court rules on the motion. Accordingly, BDO's filing the Motion stayed the Notice pursuant to Local Rule 7027-1(b) and pending the ruling of this Court.

whether to expend resources pursuing claims against a defendant that may not be able to satisfy a judgment.

## Discussion and Conclusions of Law

Fed. R. Civ. P. 26(b)(1), as made applicable to this Adversary Proceeding by Fed. R. Bank. P. 26, provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Federal Rules further empower the Court to issue a protective order prohibiting discovery to protect a party from "annoyance, embarrassment, oppression or undue burden," to preclude information not "reasonably calculated to lead to the discovery of admissible evidence," and to preclude discovery of confidential "commercial information." Fed. R. Civ. P. 26(b) and (c).

Freeman argues that he seeks BDO's financial information in furtherance of his fiduciary duty "to determine whether the assets of E.S. Bankest are best preserved by pursuing this [Adversary Proceeding]." (Opposition at p.4). The Court finds no authority to support this argument, nor the notion that a court-appointed fiduciary acting on behalf of the creditors of a reorganized debtor has any greater discovery tools at his disposal to obtain pre-judgment financial discovery in the context of an adversary proceeding than would a corporation pursuing a claim for the benefit of its shareholders. Accordingly, the Court rejects this assertion of expanded discovery powers.

Freeman also asserts a present entitlement to the discovery into BDO's financial affairs and condition on the basis of his claims for punitive damages. Under the plain statutory language, no such entitlement to exemplary damages exists in connection with his federal securities claim under Section 28 of the Securities Exchange Act of 1934. 15

5

U.S.C. § 78bb(a) ("no person permitted to maintain a suit for damages under the provisions of this chapter shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of"); *Pelletier v. Stuart-James Co., Inc.*, 863 F.2d 1550 (11th Cir. 1989) (same). Accordingly, the discovery of BDO's confidential financial information is irrelevant to that claim.

Freeman is correct, however, in asserting that discovery concerning BDO's financial condition is relevant to his claim for punitive damages on the malpractice claim also asserted in this Adversary Proceeding. *See Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669 (S.D. Fla. 2005) (financial records of defendant are relevant to issue of punitive damages and are discoverable). But, the existence of those claims does not justify the broad-based discovery into past and present financial condition and future projections at this stage of the litigation. The same authority on which Freeman relies in support of his entitlement to pre-judgment financial discovery establishes that entitlement to be limited to current net-worth information about the defendant at the time of trial. *Lane*, 242 F.R.D. at 670 ("Only current financial documents are relevant to a claim for punitive damages."). All requests for budget projections, revenue projections, expected distributions to employees and partners, and all other forward-looking or projected financial information are overbroad and improper, and BDO shall not be required to create or produce such forward-looking financial information pursuant to the Notice. The Court further finds Freeman's requests for historical financial information going back as far as the year 2000 to be overbroad.

6

BDO has indicated that it will supply Freeman with current net worth information -- the same type of financial information that was provided under seal in the State Court Action -- in the form of balance sheets and financial statements evidencing its net worth. The Court believes the disclosure of this information thirty (30) days before the trial of this cause is reasonable. *See Lane*, 242 F.R.D. at 670 (*citing Fieldturf Int'l v. Triexe Mgmt. Group, Inc.*, No. 03 C 3512 2004 WL 86694, at *3 (N.D. Ill. April 16, 2004); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *4 (D. Kan. Oct. 5, 1995); *Raiser v. O'Shaunessy*, No. 92 C 286, 1992 WL 309541, at *1 (N.D. Ill. Oct. 21, 1992)). If Freeman finds that the information is insufficient to prove his claim for punitive damages, he may renew his request for additional information, including that information sought in Schedule A of the Notice; however, such request shall be limited in time.

BDO has requested that, so long as discovery in aid of execution is stayed in the State Court Action, Freeman and his counsel in this Adversary Proceeding, and any other employee, agent, or counsel associated with Freeman in any capacity, be prohibited from sharing, disclosing, divulging, or otherwise making known to the Plaintiffs in the State Court Action or their counsel or any other party or counsel in any case, any of BDO's confidential financial information. The Court finds this request is reasonable and will instruct Freeman accordingly.

It is hereupon

**ORDERED and ADJUDGED:**

1. The Motion for Protective Order is **GRANTED in part,** without prejudice to Freeman's right to seek further financial information, in addition to the

        net worth information described in this Memorandum Decision and Order and directed to be disclosed thirty (30) days prior to the trial in this proceeding.

2. For so long as the stay imposed on post-judgment discovery in aid of execution in the State Court Action remains in effect, Freeman and his special counsel in this Adversary Proceeding are prohibited from sharing, showing, providing, disclosing, or otherwise making known any of BDO's confidential financial information to the Plaintiffs in the State Court Action or their counsel or any other party or counsel in any case.

3. The Court will retain jurisdiction to enforce the terms of this Order until such time as the reference of this Adversary Proceeding is withdrawn for trial in the District Court.

###

Copies furnished to:

Mark D. Bloom, Esq.
Paul Battista, Esq.
Warren R. Trazenfeld, Esq.
Rhett Traband, Esq.

[Attorney Bloom is required to serve a copy of this Order on all interested parties entitled to service and to file a certificate of service].