# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

UNITED STATES OF AMERICA,      . Case No. 03-20951-CR-AJ

        Plaintiff,      . Miami, Florida
                        . May 11, 2004
        v.      . 10:15 a.m.

DOMINICK PARLAPIANO,      .

        Defendant.      .

. . . . . . . . . . . .

— — — — —

Transcript of Plea Colloquy had
before the Honorable Adalberto Jordan,
United States District Judge.

— — — — —

APPEARANCES:

For the Government:    Stephen Stallings
                        Caroline Heck Miller
                        Assistant U.S. Attorneys
                        99 N.E. 4th Street
                        Miami, Florida  33132

For the Defendant:     Luis I. Guerra, Esq.
                        Law Offices of Luis I. Guerra, Esq.
                        3127 Ponce De Leon Boulevard
                        Coral Gables, Florida  33134-6816

Court Reporter:        Francine C. Salopek, RMR, CRR
                        Official Court Reporter
                        United States District Court
                        299 E. Broward Blvd, Room 205E
                        Miami, Florida  33301
                        (954)769-5687

— — — — —



DEFENDANT'S
EXHIBIT
2

Proceedings recorded by mechanical stenography, transcript
produced by computer.

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305) 523-5568

2

1    <u>TUESDAY, MAY 11, 2004, 10:15 A.M.</u>

2        THE COURT:  All right.  Let's get started, and

3    Maria will bring you those documents in a second.

4        This is Case Number 03-20951, United States vs.

5    Dominick Parlapiano.  If you could please announce your

6    appearances.

7        MR. STALLINGS:  Good morning, your Honor.  Stephen

8    Stallings on behalf of the United States.

9        THE COURT:  Good morning.

10       MR. GUERRA:  Good morning, Judge.  Luis Guerra on

11   behalf of Dominick Parlapiano, who is present before the

12   Court.  Also present is his wife, Marla Parlapiano.

13       THE COURT:  Good morning.

14       Good morning, Mr. Parlapiano.

15       THE DEFENDANT:  Good morning, your Honor.

16       THE COURT:  Okay.  Mr. Guerra, I understand that

17   Mr. Parlapiano wishes to change his not guilty plea and enter

18   a guilty plea to Counts I, III, XXXI, and -- actually, the

19   last number is blurred out on my copy.

20       What is the last count, Mr. Stallings, that he's

21   pleading guilty to?

22       MR. STALLINGS:  XXXVII, your Honor.

23       THE COURT:  Okay.

24       Can you see it on the original?

25       ROOM CLERK:  That's the one I made copies from.

)                                    )

3

1          THE COURT:  Okay.  Mr. Guerra, so he's going to

2    enter guilty pleas to Counts I, III, XXXI, and XXXVII, is

3    that correct?

4          MR. GUERRA:  Yes, sir.

5          THE COURT:  Okay.  Mr. Parlapiano, before I can

6    accept your guilty plea, I need to ask you a series of

7    questions so that I can make sure that you understand what

8    your rights are and so that you're aware of what is going on

9    here this morning.  If at any time you have any questions or

10   don't understand something, please let Mr. Guerra know or let

11   me know, and I'll be happy to stop and start again.  All

12   right?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Please stand up for a second so that

15   you can be sworn in.

16         ROOM CLERK:  Raise your right hand, please.

17     (DOMINICK PARLAPIANO, DEFENDANT HEREIN, WAS SWORN.)

18         ROOM CLERK:  Thank you.

19         THE COURT:  Mr. Parlapiano, the first thing I need

20   to do is advise you that you are under oath and tell you that

21   if you answer any of my questions falsely, those answers may

22   later be used against you in another prosecution for perjury

23   or for making a false statement.

24         Do you understand that?

25         THE DEFENDANT:  Yes, sir.

4

1          THE COURT:  Tell me your full name, please.

2          THE DEFENDANT:  My name is Dominick Charles

3     Parlapiano.

4          THE COURT:  Where were you born?

5          THE DEFENDANT:  I was born in Miami, Florida.

6          THE COURT:  How old are you?

7          THE DEFENDANT:  I am 48 years old.

8          THE COURT:  How far did you go in school and where?

9          THE DEFENDANT:  I graduated from Immaculata

10    LaSalle High School, and I attended University of Miami, as

11    well as Miami-Dade Community College.  I did not graduate

12    from either of those schools.

13         THE COURT:  Okay.  Have you ever been treated for

14    any mental illness or addiction to narcotic drugs of any

15    kind?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Are you currently under the influence

18    of any prescription drug, narcotic medication, or alcoholic

19    beverage of any kind?

20         THE DEFENDANT:  I take medication for hypertension,

21    high blood pressure and high cholesterol.

22         THE COURT:  Do you take that medication on a daily

23    basis, Mr. Parlapiano?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Did you take it today?

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)523-5568

5

```
1              THE DEFENDANT:  Yes, sir.
2              THE COURT:  Does that medication in any way affect
3    your ability to understand or comprehend what is going on
4    here?
5              THE DEFENDANT:  No, sir.
6              THE COURT:  Aside from that medication for
7    hypertension, high blood pressure, and cholesterol, have you
8    taken any other drugs, medication, or alcohol in the last 48
9    hours?
10             THE DEFENDANT:  No, sir.
11             THE COURT:  Are you currently under the care or
12   treatment of any doctor or medical professional, aside from
13   those conditions you told me about before?
14             THE DEFENDANT:  No, sir.
15             THE COURT:  Mr. Guerra, in your opinion, is
16   Mr. Parlapiano competent to enter a guilty plea in this case?
17             MR. GUERRA:  Yes, your Honor.
18             THE COURT:  Mr. Parlapiano, have you received a
19   copy of the indictment pending against you in this case; that
20   is, the written charges made against you by the government?
21             THE DEFENDANT:  Yes, I have, your Honor.
22             THE COURT:  Have you had a chance to discuss the
23   charges and the case in general with Mr. Guerra, your
24   attorney?
25             THE DEFENDANT:  Yes, I have.
```

)                              )

6

1    THE COURT:  Have you discussed with him your

2  options, including possible defense strategies to the

3  charges, if you chose to plead not guilty and go to trial?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  Are you satisfied with the counsel,

6  representation, and advice given to you in this case by

-7  Mr. Guerra?

8    THE DEFENDANT:  Yes, I am.

9    THE COURT:  Is there anything concerning his

10  representation that you are not satisfied with?

11    THE DEFENDANT:  No, sir.

12    THE COURT:  Mr. Parlapiano, you've agreed to plead

13  guilty to four counts in the indictment.  And I'd like to

14  summarize each of those counts for you and tell you about the

15  elements for each of those counts.

16    Count I charges that you and others engaged in a

17  conspiracy, that is, an illegal agreement, to commit offenses

18  against the United States, in violation of Title 18 of the

19  United States Code, Section 371.

20    According to the indictment, the conspiracy spanned

21  from June of 1994, through on or about August of 2003, in

22  Miami-Dade County, in this district and elsewhere.  According

23  to the allegations in the indictment, the conspiracy had two

24  objectives:

25    First, to devise and implement a scheme and

)                                )

7

1   artifice to defraud a financial institution, that is,

2   Espirito Santo Bank, and obtain monies and funds owned by and

3   under the custody of that bank by means of materially false

4   and fraudulent pretenses, representations, and promises; in

5   other words, to commit bank fraud, in violation of Title 18

6   of the United States Code, Section 1344.

7        The second alleged objective of the conspiracy was

8   to devise and implement the scheme and artifice to defraud

9   and to obtain money and property by means of materially false

10  and fraudulent pretenses, representations, and promises,

11  knowing that those pretenses, representations, and promises

12  were false and fraudulent when made.  In other words, the

13  second alleged objective of the conspiracy was to commit wire

14  fraud.

15       Do you understand that conspiracy charge,

16  Mr. Parlapiano?

17       THE DEFENDANT:  I do, your Honor.

18       THE COURT:  If you chose to plead not guilty and go

19  to trial on that charge, the government would have to prove

20  the following beyond a reasonable doubt to obtain a verdict

21  of guilty:

22       First, that from on or about June of '94, through

23  on or about August of 2003, in this district, you conspired

24  with at least one other person to commit certain offenses

25  against the United States.

8

1          Second, that the offenses you and the others agreed

2  to commit against the United States were the offenses of bank

3  fraud and wire fraud, as I previously described them to you.

4          The government would also have to prove that you

5  entered into this illegal agreement or conspiracy knowingly,

6  intentionally, and willfully; in other words, that it was not

7  the product of any mistake or accident on your part.

8          And, finally, the government would have to prove

9  beyond a reasonable doubt that at some point during the

10 existence of the conspiracy and your involvement in it,

11 either you or some other member of the conspiracy committed

12 what is called an overt act, as charged in the indictment, to

13 further the objectives of the conspiracy.

14          Do you understand those elements of the Count I

15 charge?

16          THE DEFENDANT:  Yes, sir, I do.

17          THE COURT:  Counts III and XXXI are both bank fraud

18 counts, right, Mr. Stallings?

19          MR. STALLINGS:  Correct, your Honor.

20          THE COURT:  Okay.  Counts III and XXXI,

21 Mr. Parlapiano, charge you with the offense of bank fraud, in

22 violation of Title 18 of the United States Code,

23 Section 1344.  With regards to each of the counts, you are

24 alleged to have participated knowingly, intentionally, and

25 willfully in a scheme and artifice to defraud Espirito Santo

)                              )

1   Bank and to obtain monies and funds owned by that bank by

2   means of materially false and fraudulent pretenses.

3        Count III charges that in order to execute this

4   scheme, one of the things that you did was -- or you on

5   behalf of the company you worked for, was to obtain $750,000

6   in an equity contribution from Espirito Santo Bank, based

7   upon the submission of false financial information as to a

8   material fact.  And as alleged in the indictment, that took

9   place on or about April 8th of 1998.

10       Do you understand that charge?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Count XXXI charges that in another

13  attempt to execute the scheme to defraud Espirito Santo Bank,

14  Mr. Parlapiano, on or about May 15th of 2002, you and others

15  obtained from Espirito Santo Bank $200,000 in debenture note

16  funding from the account of an individual known as "C.I.,"

17  based upon your submission of false financial information as

18  to a material fact.

19       Do you understand that charge?

20       THE DEFENDANT:  Yes, your Honor.

21       THE COURT:  With regard to each of the two bank

22  fraud charges, Mr. Parlapiano, the government would have to

23  prove the following beyond a reasonable doubt to obtain a

24  verdict of guilty:

25       First, that on the dates alleged in the indictment,

1    you and others devised and implemented a scheme and artifice

2    to defraud Espirito Santo Bank, and to obtain the amounts

3    that are alleged in these counts in execution of the scheme

4    to defraud, the $750,000 in equity contribution and the

5    $200,000 in debenture note funding.

6        The government would also have to prove that you

7    did so based upon the submission of false information as to a

8    material fact.  The government would also have to prove that

9    you did so knowingly, intentionally, and willfully.

10       Do you understand those elements of Counts III and

11   XXXI?

12       THE DEFENDANT:  Yes, sir.

13       THE COURT:  Count XXXVII, Mr. Parlapiano, charges

14   you with engaging in the offense of wire fraud, in violation

15   of Title 18 of the United States Code, Section 1343.  As

16   alleged in the indictment, from on or about June of 1994,

17   through on or about August of 2003, in Miami-Dade County, in

18   this district, you and others knowingly and willfully devised

19   and implemented a scheme and artifice to defraud and to

20   obtain money and property by means of materially false and

21   fraudulent pretenses, knowing that those pretenses and

22   representations were false and fraudulent when made as to

23   material facts.

24       Count XXXVII charges that you and others used or

25   caused the use of wire transmissions to execute or in

1   furtherance of the scheme to defraud.

2         Count XXXVII charges that on or about

3   February 27th of 2002, you and others either transferred or

4   caused a wire transfer of $350,000 from the bank account of

5   "BCC" in Miami, Florida, to the bank account of "ENA" in

6   Roswell, Georgia.

7         Do you understand that wire fraud charge?

8         THE DEFENDANT:  I do, your Honor.

9         THE COURT:  If you chose to plead not guilty and go

10  to trial on that charge, Mr. Parlapiano, the government would

11  have to prove the following beyond a reasonable doubt to

12  obtain a verdict of guilty:

13        First, that on the dates alleged, you and others

14  executed and prepared a scheme and artifice to defraud and to

15  obtain money and property by means of materially false and

16  fraudulent pretenses.

17        The government would have to prove that you engaged

18  in this scheme knowingly, intentionally, and willfully.

19        The government would have to prove that you -- in

20  order to execute or in furtherance of this scheme, you

21  transmitted or caused to be transmitted by means of wire

22  communications in interstate and foreign commerce the wire

23  transfer of $350,000 that is alleged in Count XXXVII.

24        Do you understand the elements of the wire fraud

25  charge?

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER

1        THE DEFENDANT:  I do, your Honor.

2        THE COURT:  Mr. Parlapiano, Count I of the

3   indictment carries with it a maximum sentence of five years

4   in prison.  Any term of imprisonment on Count I is to

5   followed by a term of supervised release of at least two

6   years, but not more than three years.  There's also a maximum

7   fine of $250,000, and there's a mandatory special assessment

8   of a hundred dollars.

9        Do you understand the penalties for Count I?

10       THE DEFENDANT:  Yes, sir.

11       THE COURT:  With regard to Counts III and XXXI,

12   Mr. Parlapiano, each of those counts carry with it a maximum

13   sentence of 30 years in prison.  Any term of imprisonment on

14   either of these counts is to be followed by a term of

15   supervised release of at least three years, but not more than

16   five years.  There's also a maximum fine of $1 million, and

17   there is a mandatory special assessment of $100.

18       Do you understand the penalties for Counts III and

19   XXXI?

20       THE DEFENDANT:  I do, your Honor.

21       THE COURT:  Count XXXVII, the wire fraud charge,

22   Mr. Parlapiano, carries with it a maximum sentence of 30

23   years' imprisonment.  Any term of imprisonment is to be

24   followed by a term of supervised release of at least three

25   years, but at most five years.  There's also a fine of up to

1    $1 million, and there is a maximum special assessment of

2    $100.

3              In addition, with regard to all of these charges,

4    there is the potential for me to order restitution, depending

5    on whether or not any losses were caused by the illegal

6    conduct charged in the indictment.

7              Do you understand the penalties for Count XXXVII

8    and the restitution possibility?

9              THE DEFENDANT:  Yes, sir, I do.

10             THE COURT:  Mr. Parlapiano, my job is not to tell

11   you exactly what sentence you're going to receive, but to

12   tell you the worst scenario you could find yourself in.  So,

13   if you were to receive the maximum sentence on each of these

14   counts, and if you were to have all of these counts stacked

15   one on top of the other, you are facing a maximum prison term

16   of 95 years in prison.

17             Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Again, I'm not telling you the sentence

20   you're going to receive, and the way the Sentencing

21   Guidelines work, most of these offenses are collapsed into

22   one and they all run concurrently or at the same time.  But

23   the maximum prison term you are exposed to is a maximum

24   prison sentence of 95 years.

25             Do you understand that?

14

1    THE DEFENDANT: Yes, sir.

2    THE COURT: Have you had a chance, Mr. Parlapiano,

3    to discuss the Sentencing Guidelines and how they might

4    affect your case with Mr. Guerra?

5    THE DEFENDANT: Yes, your Honor, I have.

6    THE COURT: Do you understand that your sentence

7    will be calculated pursuant to the Sentencing Guidelines,

8    which will assign a score to your offense and to your

9    criminal history or background, if there is any?

10    THE DEFENDANT: I understand that.

11    THE COURT: Do you understand that any estimate of

12    the sentence given to you by Mr. Guerra, or by anyone else,

13    is only an estimate, and that I will not be able to determine

14    your sentence until I review a presentence investigation

15    report?

16    THE DEFENDANT: Yes, sir, I understand that.

17    THE COURT: Do you understand that you will not be

18    allowed to withdraw your guilty plea solely as a result of

19    the sentence you receive?

20    THE DEFENDANT: Yes, I understand that.

21    THE COURT: Do you understand that under some

22    circumstances, you or the government may have the right to

23    appeal the sentence that I impose?

24    THE DEFENDANT: Yes, sir.

25    THE COURT: Do you understand that I can depart

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)523-5568

1   from the Guidelines and give you a sentence that is higher or

2   lower than the sentence fixed by the Guidelines?

3           THE DEFENDANT:  I understand.

4           THE COURT:  Do you understand that if I depart

5   upward from the Guidelines and give you a higher sentence,

6   you can appeal, and if I depart downward from the Guidelines

7   and give you a lower sentence, the government may be able to

8   appeal?

9           THE DEFENDANT:  Yes, sir, I understand.

10           THE COURT:  Take a look at the copy of the plea

11   agreement that Mr. Guerra has in front of you,

12   Mr. Parlapiano, and tell me if that's your signature on the

13   last page.

14           THE DEFENDANT:  Yes, sir, that's my signature.

15           THE COURT:  Did you have a chance to go over that

16   agreement with Mr. Guerra before you signed it?

17           THE DEFENDANT:  Yes, we did.

18           THE COURT:  Do you understand the terms of the

19   agreement?

20           THE DEFENDANT:  Yes, sir, I do.

21           THE COURT:  All right.  Let me go over the basic

22   provisions with you, Mr. Parlapiano.

23           You agree to plead guilty to Counts I, III, XXXI,

24   and XXXVII, which I've described to you already.  In exchange

25   for your guilty pleas on those counts, the government will

16

1    seek dismissal of Counts II, IV, V through XXX, XXXIV, XXXV,

2    XXXVIII through XLIV, and XLVI of the indictment as to you

3    after sentencing.

4              Is that your understanding of what's going to

5    occur?

6              THE DEFENDANT:  Yes, sir, it is.

7              THE COURT:  Paragraph 3, Mr. Parlapiano, tells you

8    about the Sentencing Guidelines, and I've discussed the

9    Guidelines with you already.

10             Paragraphs 4 and 5 tell you about the penalties

11   that you are facing as a result of your guilty plea, and I've

12   advised you of those penalties, as well.

13             In paragraph 6, the government reserves the right

14   to inform the probation officer and me of any and all facts

15   that are pertinent to the sentencing process.  The government

16   also reserves a right to make any recommendation as to

17   punishment, subject only to the terms of this agreement.

18             Do you understand that?

19             THE DEFENDANT:  Yes, your Honor, I do.

20             THE COURT:  In paragraph 7, the government agrees

21   to recommend at sentencing, Mr. Parlapiano, that I reduce

22   your offense level by either two or three levels, whichever

23   one is applicable to you, and the greater one will apply.

24   And that's based upon your acceptance of personal

25   responsibility.

)                              )

17

1          Do you understand what that means in practical

2    terms?

3          THE DEFENDANT:  Yes, your Honor, I do.

4          THE COURT:  The government also agrees to recommend

5    that I sentence you at the low end of the applicable

6    Guideline range.

7          Do you understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  The government is not required to make

10   any of these recommendations on your behalf, Mr. Parlapiano,

11   if one of three things occur:

12          First, if you fail or refuse to make a full,

13   accurate, and complete disclosure to the probation office of

14   the circumstances surrounding your relevant offense conduct;

15   second, if you are found to have misrepresented facts to the

16   government prior to entering into the plea agreement; or,

17   third, if you commit any misconduct after entering into the

18   plea agreement.

19          Do you understand those exceptions?

20          THE DEFENDANT:  I understand, your Honor.

21          THE COURT:  Paragraph 8 contains some

22   recommendations and stipulations by the parties concerning

23   the sentence to be imposed, Mr. Parlapiano.  Let me first

24   advise you that I'm under no obligation to accept any of the

25   sentencing recommendations by the parties, and if I have a

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER

1    factual or legal basis to do so, I can disregard or reject

2    them.

3              Do you understand that?

4              THE DEFENDANT:  Yes, sir, I do.

5              THE COURT:  If I decide not to follow one or more

6    of these recommendations, Mr. Parlapiano, that, by itself,

7    will not be a basis for you to take back or withdraw your

8    guilty plea.

9              Do you understand that?

10             THE DEFENDANT:  Yes, sir, I do.

11             THE COURT:  The recommendations are as follows:

12             First, that the appropriate Guideline manual for

13   use in your case is the Guideline manual from November of

14   2002.

15             The second recommendation or stipulation is that

16   the relevant amount of loss in this case resulting from your

17   offense is more than $100 million.

18             The third recommendation or stipulation is that the

19   offense that you committed involved sophisticated means, as

20   that term is used in Section 2B1.1(b)(8)(C) of the

21   Guidelines.

22             And the fourth stipulation and recommendation is

23   that you had an aggravating role in the offense, as described

24   in Section 3B1.C of the Guidelines, because you were an

25   organizer, leader, manager, or supervisor in a criminal

19

1    activity other than as described in Subsections A and B of

2    that Guideline.

3           Do you understand these four recommendations and

4    stipulations?

5           THE DEFENDANT:  Yes, your Honor, I do.

6           THE COURT:  In paragraph 9, Mr. Parlapiano, you say

7    that you agree not to seek any mitigating role reductions

8    under Section 3B1.2, and you also agree not to seek any

9    downward departures under Chapter 5 of the Guidelines.  Is

10   that correct?

11          THE DEFENDANT:  Yes, sir, it is.

12          THE COURT:  In paragraph 10, you say that you agree

13   to cooperate with efforts to obtain full restitution to all

14   of the victims in this case, Mr. Parlapiano, and you agree

15   that restitution is not limited to the specific acts set

16   forth in the count that you've agreed to plead guilty to.  Is

17   that correct?

18          THE DEFENDANT:  Yes, sir, it is.

19          THE COURT:  In paragraph 11, Mr. Parlapiano, you

20   say you agree to cooperate with the government by doing

21   certain things.

22          First, by providing truthful and complete

23   information and testimony, and producing documents, records,

24   and other evidence.

25          Second, by appearing at grand jury proceedings,

1    hearings, trials, and other judicial proceedings and meetings

2    as may be required by the government.

3           And third, if requested by the government, to work

4    in an undercover role.

5           Is that what you've agreed to do to cooperate?

6           THE DEFENDANT:  Yes, sir, I have.

7           THE COURT:  In paragraph 12, Mr. Parlapiano, you

8    also say that you agree to assist the government in all

9    proceedings, administrative or judicial, involving forfeiture

10   and the location of assets that were accrued as a result of

11   the illegal activities.  And that assistance involves an

12   agreement on your part to the entry of an order enjoining the

13   transfer and encumbrance of assets which may be identified as

14   subject to forfeiture.

15          Is that what you've agreed to do?

16          THE DEFENDANT:  Yes, sir, I have.

17          THE COURT:  You also say, Mr. Parlapiano, in

18   paragraph 12, that you knowingly and voluntarily agree to

19   waive any claim or defense you may have under the Eighth

20   Amendment to the United States Constitution to claim that any

21   forfeiture was an excessive fine or penalty that was

22   prohibited by the Constitution.

23          Is that what you've agreed to do?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Paragraphs 13 and 14, Mr. Parlapiano,

)                              )

1  tell you how cooperation works in the federal judicial

2  system.  And let me summarize those concepts for you.

3       The short of the matter is that there are no

4  guarantees.  You can do everything in your power to cooperate

5  with the government, and you can give the government every

6  bit of information at your disposal.  But in the end, the

7  decision about whether or not to file a motion for a

8  departure is in the government's lap.

9       Now, the government cannot withhold a downward

10  departure motion based upon some unconstitutional or

11  illegitimate motive, such as your race, your ethnicity, your

12  religion, your national origin, or the like.  But if it's

13  simply a disagreement over how important or how substantial

14  your assistance was, neither Mr. Guerra as your lawyer, nor I

15  as the judge will be able to force the government to file a

16  motion for a departure on your behalf.

17       Do you understand that?

18       THE DEFENDANT:  Yes, your Honor, I do.

19       THE COURT:  If the government decides to file a

20  motion for a departure on your behalf, Mr. Parlapiano, I am

21  under no obligation to accept that motion or grant it.

22       Do you understand that?

23       THE DEFENDANT:  Yes, sir, I do.

24       THE COURT:  If the government does file a motion on

25  your behalf, and I grant it, Mr. Parlapiano, I am under no

)                              )

22

1    obligation to accept the recommendations made by the parties

2    with regard to the extent of the departure.  I have to defer

3    to the government's recommendation, and I have to listen to

4    what Mr. Guerra says on your behalf.  But in the end, I get

5    to decide what sort of a departure is reasonable and

6    warranted under the circumstances.

7              Do you understand that?

8              THE DEFENDANT:  Yes, sir, I do.

9              THE COURT:  Paragraph 14 contains -- excuse me --

10   paragraph 15, Mr. Parlapiano, contains appeal waiver

11   language.  And let me tell you about your appellate rights

12   first, before we discuss the appellate waiver.

13             Under Title 18 of the United States Code,

14   Section 3742, you have an absolute and unconditional right to

15   appeal your conviction and whatever sentence I will impose.

16   That is a right given to you by statute, and no one can take

17   that right away from you.

18             Do you understand that?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  You can appeal on a whole number of

21   grounds that might be available to you, Mr. Parlapiano.  For

22   example, on the sentencing side, you can appeal on the ground

23   that I made a mistake of fact, that I got the facts about you

24   and your involvement in this case wrong, and that led me to

25   impose an incorrect sentence.  You can also appeal on the

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)523-5568

1   ground that I made a mistake of law, that I misapplied or

2   misinterpreted the Guidelines in your case, and that also led

3   me to impose an incorrect sentence.

4           Do you understand your right of appeal?

5   THE DEFENDANT:  Yes, I do.

6   THE COURT:  Now, there are certain exceptions to

7   the appeal waiver, and you say in this paragraph that you are

8   giving up your right of appeal in exchange for the promises

9   made by the government, with some exceptions.

10          Is that what you've agreed to do?

11  THE DEFENDANT:  Yes, your Honor, it is.

12  THE COURT:  The exceptions are as follows:  If I

13  impose a sentence that exceeds the maximum permitted by

14  statute, you can appeal.  If I impose a sentence based upon

15  an upward departure from the Guideline range, you can appeal.

16  And if the government decides to appeal for any reason, then

17  you are released from your appeal waiver and you can appeal

18  on whatever grounds you believe are available to you.

19          Do you understand that?

20  THE DEFENDANT:  Yes, sir.

21  THE COURT:  There is also a waiver in paragraph 15,

22  Mr. Parlapiano, of the right to file certain postconviction

23  motions.  Under Title 28 of the United States Code,

24  Sections 2255, 2254, 2241, or other like provisions, you can

25  file what is called a motion for postconviction relief or a

1   motion to set aside your sentence.  And you would generally

2   raise in those motions or petitions things that you could not

3   have raised on direct appeal.  For example, something you

4   found out about after the fact, the fact that your lawyer

5   might have been ineffective and didn't give you a reasonably

6   effective assistance of counsel, things like that.

7           You say in paragraph 15 that, again, in exchange

8   for the promises made by the government in this plea

9   agreement, you are giving up your right to file any such

10  postconviction motions or petitions.

11          Is that what you've agreed to do?

12          THE DEFENDANT:  Yes, your Honor, it is.

13          THE COURT:  Now, there are two exceptions to this

14  waiver, and they're as follows:  If I impose a sentence that

15  exceeds the maximum permitted by statute, you can appeal.  If

16  I impose a sentence that constitutes an upward departure from

17  the applicable Guideline range, you can also appeal.

18          Do you understand those two exceptions?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  In paragraph 16, Mr. Parlapiano, you

21  are advised that I have not yet been able to determine your

22  sentence, and that any estimate of the sentence or sentencing

23  range given to you by Mr. Guerra, or by anyone else, is only

24  a prediction, but not a promise.  You are also reminded that

25  I am under no obligation to accept any of the parties'

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)523-5568

25

1  sentencing recommendations, and that you cannot withdraw your

2  guilty plea solely because I decide not to accept one or more

3  of those recommendations.

4              Do you understand that?

5       THE DEFENDANT: Yes, sir, I do.

6       THE COURT:  Paragraph 19 then says, Mr. Parlapiano,

7  that this is the entire agreement and understanding between

8  you and the government, and that there are no other

9  agreements, promises, representations, or understandings.  Is

10  that correct?

11      THE DEFENDANT: Yes, sir, it is.

12      THE COURT:  Aside from what we've discussed so far

13  this morning, Mr. Parlapiano, has anyone made any different

14  promise or assurance to you of any kind in an effort to get

15  you to plead guilty in this case?

16      THE DEFENDANT:  No, your Honor, they have not.

17      THE COURT:  Has anyone tried in any way to force

18  you, pressure you, or coerce you into pleading guilty in this

19  case?

20      THE DEFENDANT:  No, your Honor, no one has done

21  that.

22      THE COURT:  Are you pleading guilty of your own

23  free will because you're, in fact, guilty?

24      THE DEFENDANT:  Yes, your Honor, I am.

25      THE COURT:  Do you understand, Mr. Parlapiano, that

1    the offenses to which you are pleading guilty are felony

2    offenses?

3              THE DEFENDANT:  Yes, sir, I understand.

4              THE COURT:  Do you understand that if your plea is

5    accepted, you will be adjudged guilty of those offenses, and

6    an adjudication of guilt may deprive you of valuable civil

7    rights in the future, such as the right to vote, the right to

8    hold office, the right to serve on a jury, and the right to

9    possess any kind of a firearm?

10             THE DEFENDANT:  Yes, your Honor, I understand.

11             THE COURT:  Do you understand, Mr. Parlapiano, that

12   you have an absolute right to plead not guilty to any of the

13   offenses charged against you, and to persist in that not

14   guilty plea?

15             THE DEFENDANT:  Yes, I understand.

16             THE COURT:  Do you understand that if you chose to

17   plead not guilty, you would then have the right to a trial

18   before a jury of your peers?

19             THE DEFENDANT:  Yes, I understand.

20             THE COURT:  Do you understand that at a trial, as

21   now, you'd be presumed to be innocent, and the government

22   would have the burden of proving your guilt beyond a

23   reasonable doubt?

24             THE DEFENDANT:  I understand, your Honor.

25             THE COURT:  Do you understand that at a trial, you

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)523-5568

27

1    would have the right to the assistance of counsel for your

2    defense, and if you couldn't afford an attorney to represent

3    you at trial, I would appoint one to represent you at no cost

4    to you?

5         THE DEFENDANT:  I understand that.

6         THE COURT:  Do you understand that at a trial, you

7    would have the right to see and hear all of the witnesses

8    against you, and the right to have those witnesses questioned

9    or cross-examined in your defense?

10        THE DEFENDANT:  Yes, sir, I understand.

11        THE COURT:  Do you understand that at a trial, you

12   would have the right to the issuance of subpoenas or

13   compulsory process so that you could compel the attendance of

14   witnesses to testify on your behalf or in your defense?

15        THE DEFENDANT:  Yes, I understand.

16        THE COURT:  Do you understand that at a trial, you

17   would have the right to decline to testify, unless you

18   voluntarily elected to do so in your own defense?

19        THE DEFENDANT:  Yes, sir, I understand that.

20        THE COURT:  Do you understand that if you chose not

21   to testify, your silence could not be used against you in any

22   way, and you would retain the presumption of innocence?

23        THE DEFENDANT:  Yes, sir, I understand.

24        THE COURT:  Do you understand that if you enter a

25   plea of guilty, there will be no trial, and that you will

28

1   have waived or given up your right to a trial?

2       THE DEFENDANT:  I understand that.

3       THE COURT:  Mr. Parlapiano, please listen

4   carefully.  I'm going to have Mr. Stallings explain in

5   proffer form what the government would be able to prove if

6   this case were to go to trial on the counts that you've

7   agreed to plead guilty to.  And once he's done, I'm going to

8   ask you whether you agree or disagree with the facts that he

9   has related.

10      Mr. Stallings.

11      MR. STALLINGS:  Thank you, your Honor.

12      If this matter had proceeded to trial, the United

13  States would have proven beyond a reasonable doubt and by

14  competent evidence the specific facts alleged in the

15  indictment, as well as the following facts:

16      During the period of the conspiracy alleged in the

17  indictment, Defendant Dominick Parlapiano was a member of

18  upper management at Bankest Capital Corporation,

19  E.S. Bankest, LC, and related entities, which I'll refer to

20  collectively as "Bankest."

21      Bankest was purportedly engaged in the business of

22  factoring.  Bankest obtained its funding for the factoring

23  business through various business relationships with Espirito

24  Santo Bank of Florida, a financial institution whose deposits

25  were insured by the Federal Deposit Insurance Corporation.

)                          )

29

1        Mr. Parlapiano's role at Bankest was to manage

2   certain aspects of the Bankest operations, as directed by

3   Eduardo and Hector Orlansky and R. Peter Stanham,

4   codefendants, the owners and directors of Bankest.  Defendant

5   Parlapiano was also a member/director of the limited

6   liability entity, E.S. Bankest, LC.

7        In 1997 and early 1998, Bankest and Espirito Santo

8   Bank of Florida negotiated towards the formation of a joint

9   venture to conduct factoring operations, ultimately leading

10  to the formation of E.S. Bankest Corp. (later named

11  E.S. Bankest, LC), on or about March 18, 1998, as a joint

12  venture between Espirito Santo Bank of Florida and Bankest.

13       In order to induce Espirito Santo Bank of Florida

14  to enter into the joint venture, defendants fraudulently

15  inflated the value of the accounts receivable owned by

16  Bankest.  Espirito Santo Bank of Florida paid $1 million into

17  E.S. Bankest Corp. as equity, via two payments, one for

18  $750,000 on or about April 8th of 1998, as alleged in

19  Count III of the indictment, and a second for $250,000 on or

20  about April 23, 1998, both in reliance on false

21  representations about the value of accounts receivable owned

22  by Bankest.

23       Defendant Parlapiano was knowingly involved, along

24  with his codefendants, Eduardo Orlansky, Hector Orlansky,

25  R. Peter Stanham, and Carlos Mendez, in manipulating

)                                    )

30

1   Bankest's activities so that these false representations

2   about the value of accounts receivable were possible, and he

3   was aware that these false representations were being made to

4   the bank.

5        E.S. Bankest was operated as a joint venture, half

6   owned by the bank and half owned by Bankest, from 1998

7   through 2002.  During that period, defendants conspired and

8   schemed to misrepresent to the bank and to auditors the value

9   of accounts receivable purportedly owned by E.S. Bankest in

10   order to continue obtaining funding through the bank.

11        The various mechanisms defendants used to further,

12   conceal, and disguise this fraud were sophisticated, and

13   included creating and using false invoices, changing dates on

14   old receivables to make them appear current, creating false

15   checks, redacting monthly board meeting minutes before

16   production to the auditors, cycling money from Bankest to its

17   factoring clients and back again to create the false

18   appearance that the clients were paying down real

19   receivables, and many other techniques and machinations.  As

20   a result, monthly reports provided to the bank, as well as

21   the annual audited financial statements for E.S. Bankest, LC,

22   were materially false.

23        Based on the fraudulent representations about the

24   value of Bankest's accounts receivable, the bank solicited

25   its banking clients to loan money to E.S. Bankest through

31

debenture notes.  One such debenture note payment issued as a result of defendant's fraudulent scheme was a May 15, 2002, transfer of $200,000 from a banking client identified by the initials "C.I.," as alleged in Count XXXI of the indictment. Defendant Parlapiano was a knowing participant in the scheme to defraud the bank so that these debenture note fundings would continue.

In addition, the defendants engaged in interstate transmissions of facsimiles, in order to carry out their scheme, from 1994 through 2003.  For example, on or about February 27th of 2002, Defendant Parlapiano and his codefendants caused $350,000 to be wire-transferred from Bankest Capital Corp.'s bank account in Miami, Florida, to the account of Enterprise Network Applications, ENA, in Roswell, Georgia, as set forth in Count XXXVII of the indictment.

The purpose of the wire transfer was to place sufficient funds in ENA's account so that ENA could, in turn, pay monies back to Bankest to create the false appearance that ENA was actually receiving payment from third parties on receivables valued in the tens of millions of dollars.  In truth, ENA had actual receivables worth far less than $1 million.  Defendant Parlapiano was a knowing participant in the scheme to defraud that utilized these interstate wire transmissions.

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER

)                          )

32

1    Defendant Parlapiano also created a company named

2    CD Jewel Box, which had no real business.   CD Jewel Box posed

3    as a Bankest factoring client.   As early as the summer of

4    1999, Defendants Eduardo Orlansky, Hector Orlansky, and

5    R. Peter Stanham were aware, through their own discovery and

6    through direct statements by Dominick Parlapiano, that CD

7    Jewel Box was not a real company and had no real receivables.

8    Yet defendants represented to the bank and the auditors that

9    Bankest owned millions of dollars in CD Jewel Box

10   receivables, and that such receivables were valid collateral

11   for loans obtained through the bank.

12        As a result of these fraudulent schemes, the bank

13   provided funding for Bankest in excess of $170 million, and

14   the victim in this case is currently owed far in excess of

15   $100 million.

16        Thank you, your Honor.

17        THE COURT:  Thank you, Mr. Stallings.

18        Mr. Parlapiano, did you understand the facts that

19   Mr. Stallings just related?

20        THE DEFENDANT:  Yes, your Honor, I did.

21        THE COURT:  Do you agree or disagree with those

22   facts?

23        THE DEFENDANT:  I agree with what Mr. Stallings

24   said.

25        THE COURT:  How do you plead to the charge set

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305) 523-5568

33

1   forth in Counts I, III, XXXI, and XXXVII of the indictment?

2           **THE DEFENDANT:**  I'm guilty, your Honor.

3           **THE COURT:**  It is the finding of the Court in this

4   case that Dominick Parlapiano is fully competent and capable

5   of entering an informed plea, that Mr. Parlapiano is aware of

6   the nature of each of these charges and of the consequence of

7   the plea.  It is also my finding that the plea of guilty on

8   each of these counts is a knowing and voluntary one,

9   supported by an independent basis in fact containing each of

10  the essential elements of the offenses.  The guilty pleas

11  are, therefore, accepted, and Mr. Parlapiano is now adjudged

12  guilty of the offenses charged in Counts I, III, XXXI, and

13  XXXVII of the indictment.

14          Mr. Stallings?

15          MR. STALLINGS:  Yes, your Honor.

16          In scheduling the sentencing, I would ask that the

17  Court consider that Mr. Parlapiano is cooperating with the

18  United States in the preparation for trial and in the

19  investigation of the case.  And as I've articulated to the

20  Court previously, the United States asks that he be out so

21  that he can assist in our preparation for that trial.

22          And, hopefully, the Court can schedule the

23  sentencing in such a manner -- I understand the Court has

24  scheduling issues of its own -- to allow Mr. Parlapiano to

25  remain out for that purpose.

)                                    )

34

THE COURT:  All right.  Mr. Guerra, I've discussed
the matter of sentencing with Mr. Stallings and Miss Heck
Miller and the other defense lawyers who have been before me
with clients in the same situation or similar situation as
Mr. Parlapiano.  They've requested that I not sentence
anybody until this trial is over.  I've declined to do that,
because I have this case and another large case with a lot of
defendants in that situation, and I don't want to be putting
off 20 or 30 sentencings for a year or so.

But I understand that the government needs
Mr. Parlapiano and others to prepare for trial.  And I
understand that they should be allowed to receive the benefit
of their cooperation.  So, what I'm going to do is proceed to
sentencing, with the understanding that for all individuals
like Mr. Parlapiano who are cooperating, I am not going to
order a remand.  And I will allow them to remain out on bond
until a trial is over, and until the government has had the
chance to evaluate their cooperation and file a Rule 35
motion on their behalf, if that's what it's going to do.
Okay?

MR. GUERRA:  Very well, Judge.

THE COURT:  Maria, can we have a sentencing date
for Mr. Parlapiano, please.

ROOM CLERK:  Yes, August 10th at nine in the
morning.

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)523-5568

1        THE COURT: Mr. Parlapiano, a probation officer is

2   going to prepare a presentence investigation report, and

3   you'll be able to discuss that report with Mr. Guerra.  He'll

4   be able to file any comments or objections he has before the

5   hearing, and Mr. Stallings will have the same opportunity on

6   behalf of the United States.

7        Do you understand that procedure?

8        THE DEFENDANT: Yes, sir.

9        THE COURT:  And as I've explained to Mr. Guerra and

10  to Mr. Stallings, I'm going to allow you to remain out on

11  bond, not only pending sentencing, but until the trial in the

12  case is over, as well.  That means that all the conditions of

13  bond that were set by the magistrate judge early on are going

14  to continue to apply.

15       Do you understand that?

16       THE DEFENDANT: I understand, and thank you, your

17  Honor.

18       THE COURT: Okay.

19       MR. GUERRA: Your Honor, I have one question; I

20  guess it's an administrative one.  I assume if there is going

21  to be either 5K1 or Rule 35 -- I guess in this case, it would

22  be a Rule 35 -- it would be a hearing which would be far off

23  in the future, depending on how Mr. Parlapiano's cooperation

24  continues.

25       THE COURT:  Right.

)                            )

36

1          MR. GUERRA:  I expect that hearing will be,

2    obviously, a significant hearing, and I'll give the Court

3    notice in terms of the timing of it.  But the upcoming

4    sentencing, obviously, is not going to include any Rule 35

5    discussions.  I want to make that just perfectly clear to

6    Mr. and Miss Parlapiano, so that they understand that this

7    upcoming sentencing is not going to involve any Rule 35

8    discussions.  If any are going to be had at all, those would

9    be had at a future date.

10          THE COURT:  Right.  If you want me to repeat that

11   for him, I'll be happy to do that.

12          MR. GUERRA:  I just want to make sure that I'm

13   clear on that fact, and also --

14          THE COURT:  Let me say this.  I mean, I can't speak

15   for the government.  And I don't know whether or not for any

16   defendant the government will be filing a 5K1.1 motion when

17   we go to the initial sentencing.  But from what Mr. Stallings

18   has said, I think the government is going to wait until this

19   trial is over to figure out what to do on the substantial

20   assistance side.

21          But, again, I can't speak for Mr. Stallings or the

22   U.S. Attorney's office, so I don't know what they're going to

23   do.  But if I had to predict, Mr. Parlapiano, the sentencing

24   for you and some of the other codefendants of yours who have

25   pled guilty and are sort of in your same situation, those

)                                    )

37

1    sentencing hearings are not going to involve reduction or

2    departure issues.  It will be a sentencing hearing to

3    determine what your sentence would be. and is going to be in

4    the absence of any reduction.

5         But I'm not going to order that you start serving

6    any part of a prison term, if a prison term is ordered for

7    you, until the trial is over, until the government has filed

8    something on your behalf, if they are going to, and until

9    I've been able to rule on it and give your attorneys time to

10   present arguments on your behalf at a hearing.  It's --

11   that's the best way that I can see it to protect everybody's

12   interests.

13        I just -- it's come for me at a very weird time,

14   because I have two monster cases, this one and another one,

15   and I have right around 20 defendants who are in your

16   situation.  And I just can't put off 20 sentencings for over

17   a year, or about a year.

18        But I think if I allow everyone to stay out on bond

19   and not have to go in for any sentence that's to be served,

20   then that protects you, as well, and it lets me to try to

21   keep the cases moving to the extent that I can.

22        So, unless something different happens, I don't

23   expect that the sentencing hearing will involve any reduction

24   issues.  And those will be taken up at some point sometime a

25   year from now, if the trial goes forward as expected.

38

```
 1            I think trial is set in April, right,
 2   Mr. Stallings?
 3            MR. STALLINGS:  Correct, your Honor.
 4            THE COURT:  And the last time we were here, I think
 5   you said that was going to be several months.
 6            MR. STALLINGS:  I think, based on the defense
 7   counsel's representation, two months is about right for this
 8   trial.
 9            THE COURT:  Right.  So, if that plays out, I don't
10   see us dealing with the reduction issues probably until
11   sometime next summer.
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  But until then, you'll be able to stay
14   out on bond on the same conditions, okay?
15            THE DEFENDANT:  Yes, sir.  Thank you.
16            THE COURT:  Okay.  Mr. Stallings, anything else on
17   behalf of the United States?
18            MR. STALLINGS:  No, your Honor.  Thank you.
19            THE COURT:  Mr. Guerra?
20            MR. GUERRA:  Nothing, Judge.  Thank you very much.
21            THE COURT:  Okay.  We'll see you in August.  Thank
22   you.
23            Oh, let me also just say, as I've told everybody
24   else, Mr. Guerra, if you need a short continuance for another
25   reason, I'm prepared to give that to you.  That's not an
```

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305) 523-5568

39

1    issue.  I just don't want to put these sentencing off until

2    June of next year.  So, if you need something or something

3    comes else up for you or for Mr. Stallings, just let me know

4    and I'll act upon it.

5              MR. GUERRA:  Yes, sir.  Thank you, your Honor.

6              THE COURT:  Okay?

7              (Proceedings concluded at 11:00 a.m.)

8                         - - - - -

9

10

11

12

13

14

15

16

17

18

19                    C E R T I F I C A T E

20    I certify that the foregoing is a correct transcript from

21    the record of proceedings in the above-entitled matter.

22

23

24    _____        _____
      Francine C. Salopek, RMR, CRR       Date
25    Official Court Reporter

**A**

ability 5:3
able 14:13 15.7 21:15 24:21 28:5 35:3,4 37:9 38:13
above-entitled 39.21
absence 37:4
absolute 22:14 26:12
accept 3:6 17:24 21:21 22:1 24:25 25:2
acceptance 16:24
accepted 26:5 33:11
accident 8:7
account 9:16 11:4,5 31:13,14 31:18
accounts 29:15,21 30:2,9,24
accrued 20:10
accurate 17:13
act 8:12-39:4
activities 20:11 30:1
activity 19.1
acts 19:15
actual 31:22
Adalberto 1:10
addiction 4:14
addition 13:3 31:8
adjudged 26:5 33:11
adjudication 26:6
administrative 20:9 35:20
advice 6:6
advise 3:20 17:24
advised 16:12 24:21
affect 5:2 14:4
afford 27:2
aggravating 18:23
agree 15:23 19:7,8,12,14,20 20:8,18 28:8 32:21,23
agreed 6:12 8:1 19:16 20:5 20:15,23 23:10 24:11 28:7
agreement 6:17 8:5 15:11,16 15:19 16:17 17:16,18 20.12 24:9 25:7
agreements 25:9
agrees 16:20 17:4
alcohol 5.8
alcoholic 4:18
allegations 6:23
alleged 7:7,13 8.24 9:8,25 10:3,16 11:13,23 28:14,16 29:18 31:4
allow 33:24 34:16 35:10 37:18
allowed 14:18 34:12
Amendment 20:20
AMERICA:1:4
amount 18:16
amounts 10:2
announce 2:5
annual 30:21
answer 3:21
answers 3:21
anybody 34:6
appeal 14:23 15:6,8 22:10,15 22:20,22,25 23:4,7,8,14,15 23:16,17 24:3,15,17
appear 30:14
appearance 30:18 31:19
appearances 1:12 2.6
appearing 19:25
appellate 22:11,12
applicable 16.23 17.5 24:17
Applications 31:14
apply 16:23 35:14
appoint 27:3
appropriate 18:12
April 9:9 29:18,20 38:1
arguments 37:10
articulated 33:19

artifice 7:1,8 8:25 10:1,19 11:14
aside 5:6,12 24:1 25:12
asks 33:20
aspects 28:2
assessment 12:7,17 13:1
assets 10,10,13
assign 14:8
assist 20:8 33:21
assistance 20:11 21:14 24:6 27:1 36:20
Assistant 1:14
assume 35:20
assurance 25:14
attempt 9:13
attendance 27:13
attended 4:10
attorney 5:24 27:2
attorneys 1:14 37:9
Attorney's 36:22
audited 30:21
auditors 30:8,16 32:8
August 6:21 7:23 10:17 34:24 38:21
available 22:21 23,18
aware 3:8 30:3 32:5 33:5
a.m 1:6 2:1 39:7

**B**

B 19:1
back 18:7 30:17 31:19
background 14:9
bank 7:2,3,5 8:2,17,21 9:1,1,6 9:13,15,21 10:2 11:4,5 28:24 29:8,12,13,16 30:4,6 30:8,10,20,24 31:6,13 32:8 32:11,12
Bankest 28:18,19,20,21,22 29:1,2,4,6,7,10,11,12,16,17 29:22 30:5,6,9,16,21,25 31:13,19 32:3,9,13
Bankest's 30:1,24
banking 30:25 31:3
based 9:6,17 10:7 16:24 21:10 23:14 30:23 38:6
basis 15:21
basis 4:23 18:1,7 33:9
BCC 11:5
behalf 2:8,11 9:5 17:10 21:16 21:20,25 22:4 27:14 34:19 35:6 37:8,10 38:17
believe 23:18
benefit 34:12
best 37:11
beverage 4:18
beyond 7:20 8:9 9:23 11:11 26:22 28:13
bit 21:6
blood 4:21 5:7
blurred 2:19
Blvd 1:20
board 30:15
bond 34:16 35:11,13 37:18 38:14
born 4:4,5
Boulevard 1:17
Box 32:2,2,7,9
bring 2:3
Broward 1:20
burden 26:22
business 28:21,23,23 32:2

**C**

C 1:18,25 39:19,19,24
calculated 14:7
called 8:12 23:25

capable 33:4
Capital 28:18 31:13
care 5:11
carefully 28:4
Carlos 29:25
Caroline 1:13
carries 12:3,22
carry 12:12 31:9
case 1:4 2:4 5:16,19,23 6:6 14:4 18:13,16 19:14 22:24 23:2,25:15,19 28:6 32:14 34:19 34:7,7 35:12,21
cases 37:14,21
caused 10:25 11:4,21 13:5 31:12
CD 32:2,2,6,9
certain 7:24 19:21 23.6,22 29:2
certify 39:20
chance 5:22 14:2 15:15 34:18
change 2:17
changing 30:13
Chapter 19:9
charge 7:15,19 8:15,21 9:10 9:19 11:7,10,25 12:21 32:25
charged 8:12 13:6 26:13 33:12
charges 5:20,23 6:3,16 9:3 9:12,22 10:13,24 11:2 13:3 33:6
Charles 4:2.
checks 30:15
cholesterol 4:21 5:7
chose 6:3 7:18 11:9 26:16 27:20
circumstances 14:22 17:14 22:6
civil 26:6
claim 29:19,20
Clear 36:5,13
CLERK 2:25 3:16,18 34:24
client 31:3 32:3
clients 30:17,18,25 34:4
Code 6:19 7:6 8.22 10:15 22:13 23:23
codefendants 29:4,24 31:12 36:24
coerce 25:18
collapsed 13:21
collateral 32:10
collectively 28:20
College 4:11
Colloquy 1:10
come 37:13
comes 39:3
comments 35:4
commerce 11:22
commit 6:17 7:5,13,24 8:2 17:17
committed 8:11 16:19
communications 11:22
Community 4:11
company 9:5 32:1,7
compel 27:13
competent 5:16 28:14 33:4
complete 17:13 19.22
comprehend 5:3
compulsory 27:13
computer 1:23
conceal 30:12
concepts 21:2
concerning 6:9 17:22
concluded 39:7
concurrently 13:22
conditions 5:13 35:12 38:14
conduct 13:6 17:14 29:9

consequence 33:6
consider 33:17
conspiracy 6:17,20,23 7:7,13 7:15 8:5,10,11,13 28:16
conspired 7:23 30:7
constitutes 24:16
Constitution 20:20,22
containing 33:9
contains 17:21 22:9,10
continuance 38:24
continue 30:10 31:7 35:14
continues 35:24
contribution 9:6 10:4
conviction 22:15
cooperate 19:13,20 20:5 21:4
cooperating 33:17 34:15
cooperation 21:1 34:13,18 35:23
copies 2:25
copy 2:19 5:19 15:10 ·
Coral 1:17
Corp 20:10,17 31:13
Corporation 28:18,25
correct 3:3 8:19 19:10,17 25:10 38:3 39:20
cost 27:3
counsel 6:5 24:6 27:1
counsel's 38:7
count 2:20 6:16 8:14 9:3,12 10:3,24 11:2,23 12:2,4,9 12:21 13:7 19:16 29:19 31:4,15
counts 2:18 3:2 6:13,14,15 10:13,24 11:22,23 10:3,10 12:11,12,14,18 13:14,14 15:23,25 16:1 28:6 33:1,8 33:12
County 6:22 10:17
Court 1:1,18,19,19,25 2:2,9 2:12,13,16,23 3:1,5,14,19 4:1,4,6,8,13,17,22,25 5:2,6 5:11,15,18,22 6:1,5,9,12 7:18 8:17.20 9:12,21 10:13 11:9 12:2,11,21 13:10,19 14:2,6,11,17,21,25 15:4,10 15:15,18,21 16:7,20 17:4,9 17:21 18:5,11 19:6,12,19 20:7,17,25 21:19,24 22:9 22:20 23:6,12,21 24:1,3,20 25:6,12,17,22,25 26:4,11 26:16,20,25 27:6,11,16,20 27:24 28:3 32:17,21,25 33:3,3,17,20,22,23 34:1,22 35:1,9,18,25 38:2,10,14 36:4,9,13,16,19,21 39:5,24
create 30:17 31:19
created 32:1
creating 30:13,14 .
criminal 14:9 18:25
cross-examined 27:9
CRR 1:18 39:24
current 30:14
currently 4:17 5:11 32:14
custody 7:3
cycling 30.16
C.J 9:16 31:4

**D**

daily 4:22
date 34:22 36:9 39:24
dates 9:25 11:13 30:13
De 1:17
dealing 30:16
debenture 9:15 10:5 31:1,1,6
decide 18:5 22:5 25:2
decides 21:19 23:16
decision 21:7

decline 27:17
declined 34:6
defendant 8:16 2:15 3:13
  3:17,25 4:2,5,7,9,16,20,24
  5:1,5,10,14,21,25 6:4,8,11
  7:17 8:16 9:11,20 10:12
  11:8 12:1,10,20 13:9,18
  14:1,5,10,16,20,24 15:3,9
  15:14,17,20 16:6,19 17:3,8
  17:20 18:4,10 19:5,11,18
  20:6,16,24 21:18,23 22:8
  22:19 23:5,11,20 24:12,19
  25:5,11,16,20,24 26:3,10
  26:15,19,24 27:5,10,15,19
  27:23 28:2,17 29:4,23 31:5
  31:11,23 32:1,20,23 33:2
  35:8,16 36:16 38:12,15
defendants 29:14 30:7,11
  31:8 32:4,8 34:8 37:15
defendant's 31:2
defense 6:22 20:19 27:2,9,14
  27:18 34:3 38:6
defer 22:2
defraud 7:1,8 8:25 9:13 10:2
  10:4,19 11:1,14 31:6,24
depart 14:25 15:4,6
departure 21:8,10,16,20 22:2
  22:5 23:15 24:16 37:2
departures 19:9
depending 13:4 35:23
Deposit 28:25
deposits 28:24
deprive 26:6
described 8:3 15:24 18:23
  19:1
determine 14:13 24:21 37:3
devise 6:25 7:8
devised 10:1,18
different 25:13 37:22
direct 24:3 32:6
directed 29:2
directors 29:4
disagree 28:8 32:21
disagreement 21:13
disclosure 17:13
discovery 32:5
discuss 5:22 14:3 22:12 35:3
discussed 6:11 16:8 25:12
  34:1
discussions 36:5,8
disguise 30:12
dismissal 16:1
disposal 21:6
disregard 18:1
district 1:1,2,11,19 6:22 7:23
  10:18
DIVISION 1:3
doctor 5:12
documents 2:3 19:23
doing 19:20
dollars 12:8 31:21 32:9
Dominick 1:7 2:5,11 3:17 4:2
  28:17 32:6 33:4
doubt 7:20 8:9 9:23 11:11
  26:23 28:13
downward 15:6 19:9 21:9
drug 4:18
drugs 4:14 5:8

E
E 1:20 39:19,19
early 29:7 32:3 35:13
Eduardo 29:3,24 32:4
effective 24:6
effort 25:14
efforts 19:13
Eighth 20:19

either 4:12 8:11 11:3 12:14
  16:22 35:21
elected 27:18
elements 6:15 8:14 10:10
  11:24 33:10
ENA 11:5 31:14,18,20,22
ENA's 31:18
encumbrance 20:13
engaged 6:16 11:17 28:21
  31:18
engaging 10:14
enjoining 20:12
enter 2:17 3:2 5:16 27:24
  29:14
entered 8:5
entering 17:16,17 33:5
Enterprise 31:14
entire 25:7
entities 28:19
entity 29:6
entry 20:12
equity 9:6 10:4 29:17
Espírito 7:2 8:25 9:6,13,15
  10:2 28:23 29:7,12,13,16
Esq 1:10,16
essential 33:10
estimate 14:11,13 24:22
ethnicity 21:11
evaluate 34:18
everybody 38:23
everybody's 37:11
evidence 19:24 28:14
exactly 13:11
example 22:22 24:3 31:10
exceeds 23:13 24:15
exceptions 17:19 23:6,9,12
  24:13,18
excess 32:13,14
excessive 20:21
exchange 15:24 23 8 24:7
excuse 22:9
execute 9:3,13 10:25 11:20
executed 11:14
execution 10:3
existence 8:10
expect 36:1 37:23
expected 37:25
explain 28:4
explained 35:9
exposed 13:23
extent 22:2 37:21
E.S 28:19 29:6,10,11,17 30:5
  30:9,21,25

F
F 39:19
facing 13:15 16:11
facsimiles 31:9
fact 9:8,18 10:8 22:23 24:4,4
  25:23 33:9 36:13
factoring 28:22,22 29:9 30:17
  32:3
facts 10:23 16:14 17:15 22:23
  28:8,14,15 32:18,22
factual 16:1
fall 17:12
false 3:23 7:3 9,12 9:2,7,17
  10:7,20,22 11:15 29,20
  30:1,3,13,14,17,22 31:19
falsely 3:21
far 4:8 25:12 31:22 32:14
  35:22
February 11:3 31:11
federal 21:8 28:25
felony 26:1
figure 36:19
file 21:7,15,19,24 23:22,25

24:9 34:18 35:4
filed 37:7
filing 36:16
finally 8:8
financial 7:1 9:7,17 28:24
  30:21
find 13:12
finding 33:3,7
fine 12:7,16,25 20:21
firearm 26:9
first 3:19 6:25 7:22 9:25
  11:13 17:12,23 18:12 19:22
  22:12
five 12:3,16,25
fixed 15:2
Florida 1:2,5,15,17,20 4:5
  11:5 28:24 29:8,12,13,16
  31:13
follow 18:5
followed 12:5,14,24
following 7:20 9:23 11:11
  28:15
follows 11:8 23:12 24:14
force 21:15 25:17
foregoing 39:20
foreign 11:22
forfeiture 20:9,14,21
form 28:5
formation 29:8,10
forth 19:16 31:15 33:1
forward 37:25
found 17:15 24:4
four 6:13 19:3
fourth 18:22
Francine 1:18,25 39:24
fraud 7:5,14 8:3,3,17,21 9:22
  10:14 11:7,24 12:21 30:12
fraudulent 7:4,10,12 9:2
  10:21,22 11:16 30:23 31:2
  32:12
fraudulently 29:14
free 25:23
front 15:11
full 4:1 17:12 19:13
fully 33:4
funding 9:16 10:5 28:22
  30:10 32:13
fundings 31:6
funds 7:2 9:1 31:16
further 8:13 30:11
furtherance 11:1,20
future 26:7 35:23 36:9

G
Gables 1:17
general 5:23
generally 24:1
Georgia 11:6 31:15
give 15:1,5,7 21:5 24:5 36:2
  37:9 38:25
given 6:6 14:12 22:16 24:23
  28:1
giving 23:8 24:9
go 4:8 6:3 7:18 11:9 15:15,21
  28:6 36:17 37:19
goes 37:25
going 3:1,6 6:3 13:11,20 16:4
  28:4,7 34:13,15,19 35:2,10
  35:13,20 36:4,7,8,18,22
  37:1,3,5,8 38:5
Good 27:9,10,13,14,15
government 1:13 5:20 7:19
  8:4,8 9:22 10:6,8 11:10,17
  11:19 14:22 15:7,25 16:13
  16:15,20 17:4,9,16 19:20
  20:2,3,8 21:5,5,9,15,19,24
  23:9,16 24:8 25:8 26:21

28:5 34:10,17 36:15,16,18
  37:7
government's 21:8 22:3
graduate 4:11
graduated 4:9
grand 19:25
grant 21:21,25
greater 16:23
ground 22:22 23:1
guarantee 22:23 23:18
guarantees 21:4
Guera 1:16,16 2:10,10,16
  3:1,4,10 5:15,17,23 6:7
  14:4,12 15:11,16 21:14
  22:4 24:23 34:1,21 35:3,9
  35:19 36:1,12 38:19,20,24
  39:5
guess 35:20,21
Guideline 17:6 18:12,13 19:2
  23:15 24:17
Guidelines 13:21 14:3,7 15:1
  15:2,5,6 16:8,9 18:21,24
  19:9 23:2
guilt 26:6,22
guilty 2:17,18,21 3:2,6 5:16
  6:3,13 7:18,21 9:24 11:9,12
  14:18 15:23,25 16:11 18:8
  19:16 25:2,15,18,22,23
  26:1,5,12,14,17 27:25 28:7
  33:2,7,10,12 36:25

H
half 30:5,6
hand 3:16
happens 37:22
happy 3:11 36:11
hear 27:7
hearing 35:5,22 36:1,2 37:2
  37:10,23
hearings 20:1 37:1
Heck 1:13 34:2
Hector 29:3,24 32:4
He'll 35:3
high 4:10,21,21 5:7
higher 15:1,5
history 14:9
hold 26:8
Honor 2:7,15,22 5:17,21 7:17
  8:19 9:20 11:8 12:1,20 14:5
  16:19 17:3,20 19:5 21:18
  23:11 24:12 25:16,20,24
  26:10,24 28:11 32:16,20
  32:15 35:17,19 38:3,18
  39:5
Honorable 1:10
hopefully 33:22
hours 5:9
hundred 12:8
hypertension 4:20 5:7

I
identified 20:13 31:3
II 16:1
III 2:18 3:2 6:17,20 9:3 10:10
  12:11,18 15:23 29:19 33:1
  33:12
Illegal 6:17 8:5 13:5 20:11
Illegitimate 21:11
Illness 4:14
Immaculata 4:9
Implement 6:25 7:8
Implemented 10:1,19
important 21:13
impose 14:23 32:15,25 23:3
  23:13,14 24:14,16
imposed 17:23

imprisonment 12:4,13,23,23
include 36:4
included 30:13
including 6:2
Incorrect 22:25 23:3
independent 33:9
indictment 5:19 6:13,20,23
  8:12 9:8,25 10:16 12:3 13:6
  16:2 28:15,17 29:19 31:4
  31:16 33:1,13
individual 9:16
individuals 34:14
Induce 29:13
Ineffective 24:5
Inflated 29:15
Influence 4:17
Inform 16:14
Information 9:7,17 10:7
  19:23 21:6
Informed 33:5
Initial 36:17
Initials 31:4
Innocence 27:22
Innocent 26:21
Institution 7:1 28:24
Insurance 28:25
Insured 28:25
Intentionally 8:6,24 10:9
  11:1B
Interests 37:12
interstate 11:22 31:8,24
Investigation 14:14 33:19
  35:2
Involces 30:13
Involve 36:7 37:1,23
Involved 18:19 29:23
involvement 8:10 22:24
Involves 20:11
Involving 20:9
Issuance 27:12
Issue 39:1
issued 31:1
Issues 33 24 37:2,24 38:10
IV 16:1

J
Jewel 32:2,2,7,9
Job 13:10
Joint 29:8,11,14 30:5
Jordan 1:10
Judge 1:11 2:10 21:15 34:21
  35:13 30:20
Judicial 20:1,9 21.1
June 6:21 7:22 10:16 39.2
Jury 19.25 26:8,18

K
keep 37:21
kind 4:15,19 25:14 26.9
know 3:10,11 36:15,22 39.3
knowing 7:11 10:21 31:5,23
  33:8
knowingly 8:5,24 10:9,18
  11:18 20:18 29:23
known 9:16

L
language 22:11
lap 21:8
large 34:7
LaSalle 4:10
law 1:16 23:1
lawyer 21:14 24:4
lawyers 34:3
LC 28:19 29.6,11 30.21
leader 18:25

leading 29:9
led 22:24 23:2
legal 18:1
Leon 1:17
Let's 2:2
level 16:22
levels 16:22
liability 29:6
limited 19:15 29:5
listen 22:3 28:3
loan 30:25
loans 32:11
location 20:10
look 15:10
loss 18:16
losses 13:5
lot 34:7
low 17:5
lower 15:2.7
Luis 1:16,16 2:10

M
machinations 30:19
magistrate 35:13
making 3:23
manage 29:1
management 28:18
manager 12:7,17
mandatory 12:1
manipulating 29:25
manner 33:23
manual 18:12,13
March 29:11
Maria 2:3 34:22
Maria 2:12
material 9:8,18 10:8,23
materially 7:3,9 9:2 10:20
  22:11
matter 21:3 28:12 34:2 39:21
maximum 12:3,6,12,16,22
  13:1,13,15,23,23 23:13
  24:15
mean 36:14
means 7:3,9 9.2 10:20 11:15
  11:21 17:1 18:19 35:12
mechanical 1:23
mechanisms 30:11
medical 5:12
medication 4:18,20,22 5:2,6
  5:8
meeting 30:15
meetings 20:1
member 8:11 28:17
member/director 29:5
Mendez 28:25
mental 4:14
Miami 13:5,15,20 4:5,10 11:5
  31:13
Miami-Dade 4:11 6:22 10:17
Miller 1:13 34:3
million 12:16 13:1 18:17
  29:15 31:23 32:13,15
millions 31:21 32:9
minutes 30:15
misapplied 23:1
misconduct 17:17
misinterpreted 23:2
misrepresent 17:15
misrepresented 17:15
mistake 8:7 22:23 23:1
mitigating 19:7
money 7:9 10:20 11:15 30:16
  30:25
monies 7:2 8:1 31:19
monster 37:14
monthly 30:15,20
months 38:5,7

morning 2:7,9,10,13,14,15
  3:9 25:13 34:25
motion 21:7,10,16,20,21,24
  23:25 24:1 34:19 36:16
motions 23:23 24:2,10
motive 21:11
moving 37:21

N
name 4:1,2
named 29:10 32:1
narcotic 4:14,18
national 21:12
nature 33:6
need 3:6,19 38:24 39:2
needs 34:10
negotiated 29:8
neither 21:14
Network 31:14
nine 34:24
note 9:15 10:5 31:1,6
notes 31:1
notice 36:3
November 18:13
number 2:4,19 22:20
N.E 1:14

O
oath 3:20
objections 35:4
objective 7:7,13
objectives 6:24 8:13
obligation 17:24 21:21 22:1
  24:25
obtain 7:2,9,20 9:1,5,23 10:2
  10:20 11:12,15 19:13
obtained 9:15 28:22 32:11
obtaining 30:10
obviously 36:2,4
occur 16:5 17:11
offense 8:21 10:14 14:8
  16:22 17:14 18:17,19,23
offenses 6:17 7:24 8:1,2
  13:21 25:1,2,5,13 33:10,12
office 17:13 26:8 36:22
officer 16:14 35:1
Offices 1:16
Official 1:19,25 39:24
Oh 38:23
okay 2:16,23 3:1,5 4:13 8:20
  34:20 35:18 38:14,16,21
  39:6
old 4:6,7 30:14
once 28:7
operated 30:5
operations 29:2,9
opinion 5:15
opportunity 35:5
options 6:2
order 9:3 11:20 13:4 20:12
  29:13 30:10 31:9 34:16
  37:5
ordered 37:6
organizer 18:25
origin 21:12
original 2:24
Orlansky 29:3,24,24 32:4,4
overt 8:12
owed 32:14
owned 7:2,9:1 29:15,21 30:6
  30:6,9 32:9
owners 29:4

P
page 15:13
paid 29:16

paragraph 16:7,13,20 17.21
  19:6,12,19 20:7,18 22:9,10
  23:7,21 24:7,20 25:6
Paragraphs 16:10 20.25
Parkplano 1:7 2:5,11,12,14
  2:17 3:5,17,19 4:3,23 5:16
  5:18 6:12 7:16 8:21 9:14,22
  10:13 11:10 12:2,12,22
  13:10 14:2 15:2,12,22 16:7
  16:21 17:10,23 18:6 19:6
  19:14,19 20:7,17,26 21:20
  21:25 22:10,21 23:22 24:20
  25:6,13,25 26:11 28:3,17
  29:5,23 31:5,11,23 32:1,6
  32:18 33:4,5,11,17,24 34:5
  34:11,15,23 35:1 36:6,23
Parkplano's 29:1 35:23
part 8:7 20:12 37:6
participant 31:5,23
participated 8:24
parties 17:22,25 22:1 24:25
  31:20
pay 31:19
paying 30:18
payment 31:1,20
payments 29:17
peers 26:18
penalties 12:9,18 13:7 16:10
  16:12
penalty 20:21
pending 5:19 35:11
perfectly 36:5
period 28:16 30:7
perjury 3:22
permitted 23:13 24:15
persist 26:13
person 7:24
personal 16:24
pertinent 16:15
Peter 29:3,25 32:5
petitions 24:2,10
place 9:9 31:17
Plaintiff 1:5
plays 38:9
plea 1:10 2:17,18 3.6 5:16
  14:18 16:10 16:11 17:16,18
  18:8 24:8 25:2 26:4,14
  27:25 33:6,7,7
plead 6:3,12 7:18 11:9 15:23
  19:16 25:15 26:12,17 26:7
  32:25
pleading 2:21 25:18,22 26:1
pleas 3:2 15:25 33:10
please 2:5 3:10,14,16 4:1
  28:3 34:23
pled 36:26
point 8:9 37:24
Ponce 4:17
posed 32:2
possess 26:9
possibility 13:8
possible 6:2 30:2
postconviction 23:22,25
  24:10
potential 13:4
power 21:4
practical 17:1
predict 36:23
prediction 24:24
preparation 33:18,21
prepare 34:11 35:2
prepared 11:14 38.25
prescription 4:18
present 2:11,12 37:10
presentence 14:14 35:2
pressure 4:21 6:7 25:18
presumed 26:21

presumption 27:22
pretenses 7:4,10,11 9:2
10:21,21 11:11:16
previously 8:3 33:20
prior 17:16
prison 12:4,13 13:15,16,23
13:24 37:6,6
probably 38:10
probation 16:14 17:13 35:1
procedure 35:7
proceed 34:13
proceeded 28:12
proceedings 1:23 19:25 20:1
20:9 39:7,21
process 16:15 27:13
produced 1:23
producing 19:23
product 8:7
production 30:16
professional 5:12
proffer 28:5
prohibited 20:22
promise 24:24 25:14
promises 7:4,10,11 23:8 24:8
25:9
property 7:9 10:20 11:15
prosecution 3:22
protect 37:11
protects 37:20
prove 7:19 8:4,8 9:23 10:6,8
11:11,17,19 28:5
proven 28:13
provided 30:20 32:13
providing 19:22
proving 26:22
provisions 15:22 23:24
punishment 16:17
purportedly 28:21 30:9
purpose 31:17 33:25
pursuant 14:7
put 37:16 39:11
putting 34:8

Q
question 35:19
questioned 27:8
questions 3:7,9,21

R
R 29:3,25 32:5 39:19
race 21:11
raise 3:16 24:2
raised 24:3
range 17:6 23:15 24:17,23
real 30:18 32:2,7,7
reason 23:16 38:25
reasonable 7:20 8:9 9:23
11:11 22:5 26:23 28:13
reasonably 24:5
receivable 29:15,21 30:2,9
30:24
receivables 30:14,19 31:21
31:22 32:7,10,10
receive 13:11,13,20 14:19
34:12
received 5:18
receiving 31:20
recommend 16:21 17:4
recommendation 16:16
18:15,18,22 22:3
recommendations 17:10,22
17:25 18:6,11 19:3 22:11
25:1,3
record 39:21
recorded 1:23
records 19:23

redacting 30:15
reduce 16:21
reduction 37:1,4,23 38:10
reductions 19:7
refer 28:19
refuse 17:12
regard 8:21 12:11 13:3 22:2
regards 8:23
reject 18:1
related 28:9,19 32:19
relationships 28:23
release 15:22,24
released 23:17
relevant 17:14 18:16
reliance 29:20
relief 23:25
religion 21:12
remain 33:25 34:16 35:10
remand 34:16
reminded 24:24
repeat 36:10
report 14:15 35:2,3
Reporter 1:18,19,25 39:24
reports 30:20
represent 27:23
representation 6:6,10 38:7
representations 7:4,10,11
10:22 25:9 29:21 30:1,3,23
represented 32:8
requested 20:3 34:5
required 17:9 20:2
reserves 16:13,16
responsibility 16:25
restitution 13:4,8 19:13,15
result 14:18 16:1 20:10
30:20 31:2 32:12
resulting 18:16
retain 27:22
review 14:14
right 22:3 12,16 8:18 14:22
15:21 16:13,16 22:14,16,17
23:4,8,22 24:9 26:7,7,8,8
26:12,17 27:1,7,8,12,17
28:1 34:1 35:25 36:10
37:15 38:1,7,9
rights 3:8 22:11 26:7
RMR 1:18 39:24
role 18:23 19:7 20:4 29:1
Room 1:20 2:25 3:16,18
34:24
Roswell 11:6 31:15
rule 34:16 35:21,22 36:4,7
37:9
run 13:22

S
s 31:13
Salopek 1:18,25 39:24
Santo 7:2 8:25 9:6,13,15 10:2
28:24 29:7,13,16
satisfied 6:5,10
says 22:4 25:6
scenario 13:12
schedule 33:22
scheduling 33:16,24
scheme 6:25 7:8 8:25 9:4,13
10:1,3,19 11:1,14,18,20
31:2,5,10,24
schemed 30:8
schemes 32:12
school 4:8,10
schools 4:12
score 14:8
second 23:3 14 7:7,13 8:1
17:15 18:15 19:25 29:19
Section 6:19 7:6 8:23 10:15
18:20,24 19:8 22:14

Sections 23:24
see 2:24 27:7 37:11 38:10,21
seek 16:1 19:7,8
sentence 12:3,13,22 13:11
13:13,18,24 14:6,12,14,19
14:23 15:1,2,5,7 17:5,23
22:15,25 23:3,13,14 24:1
24:14,16,22,22 34:5 37:3
37:19
sentencing 13:20 14:3,7 16:3
16:8,15,21 17:25 22:22
24:22 25:1 33:16,23 34:2
34:14,22 35:11 36:4,7,17
36:23 37:1,2,23 39:1
sentencings 34:9 37:16
series 3:6
serve 26:8
served 37:19
serving 37:5
set 19:15 24:1 31:15 32:25
35:13 38:1
short 21:3 38:24
side 22:22 36:20
signature 15:12,14
signed 15:16
significant 36:2
silence 27:21
similar 34:4
simply 21:13
sir 3:4,13,25 4:16,24 5:1,5,10
5:14 6:4,11 8:16 9:11 10:12
12:10 13:9,18 14:1,16,24
15:9,14,20 16:6 17:8 18:4
18:10 19:11,18 20:6,16,24
21:23 22:8,19 23:20 24:19
25:5,11 26:3 27:10,19,23
35:8 38:12,15 39:5
situation 34:4,4,8 36:25
37:16
solely 14:18 25:2
solicited 30:24
sophisticated 18:19 30:12
sort 22:5 36:25
SOUTHERN 1:2
spanned 6:20
speak 36:14,21
special 12:7,17 13:1
specific 19:15 28:14
stacked 13:14
Stallings 1:13 2:7,8,20,22
6:18,19 28:4,10,11 32:17
32:19,23 33:14,15 34:2
35:6,10 36:17,21 38:2,3,6
38:16,18 39:3
stand 8:14
Stanham 29:3,25 32:6
start 3:11 37:5
started 22
statement 3:23
statements 30:21 32:6
States 1:1,4,11,19 2:4,8 6:18
6:10 7:5,25 8:2,22 10:15
20:20 22:12 23:23 28:13
33:18,20 35:6 38:17
statute 22:16 23:14 24:15
stay 37:18 38:13
stenography 1:23
Stephen 1:13 2:7
stipulation 18:15,18,22
stipulations 17:22 19:4
stop 3:11
strategies 6:2
Street 1:14
subject 16:17 20:14
submission 9:7,17 10:7
subpoenas 27:12
Subsections 19:1

substantial 21:13 36:19
sufficient 31:18
summarize 6:14 21:2
summer 32:3 38:11
supervised 12:5,15,24
supervisor 18:25
supported 33:9
sure 37 36:12
surrounding 17:14
sworn 3:15,17
system 21:2

T
T 39:19,19
take 4:20,22,25 15:10 18:7
22:16
taken 5:8 37:24
techniques 30:19
tell 3:20 4:1 6:14 13:10,12
15:12 16:10 21:1 22:11
telling 13:19
tells 16:7
tens 31:21
term 12:4,5,15,13,14,23,24
13:15,23 18:20 37:6,6
terms 15:18 16:17 17:2 36:3
testify 27:14,17,21
testimony 19:23
thank 3:16 28:11 32:16,17
35:10 38:15,18,20,21 39:5
thing 3:19
things 9:4 17:11 19:21 24:2,6
think 36:18 37:18 38:1,4,6
third 17:17 18:18 20:3 31:20
three 12:6,15,24 16:22 17:11
time 3:9 13:22 37:9,13 38:4
timing 36:3
Title 6:18 7:5 8:22 10:15
22:13 23:23
today 4:25
told 5:13 38:23
top 13:15
transcript 1:10,23 39:20
transfer 11:4,23 20:13 31:3
31:17
transferred 11:3
transmissions 10:25 31:9,25
transmitted 11:21,21
treated 4:13
treatment 5:12
trial 6:3 7:19 11:10 26:17,20
26:25 27:3,6,11,16,25 28:1
28:6,12 33:18,21 34:6,11
34:17 35:11 36:19 37:7,25
38:1,8
trials 20:1
tried 25:17
truth 31:22
truthful 19:22
try 37:20
TUESDAY 2:1
turn 31:18
two 6:23 9:21 12:5 16:22
24:13,18 29:17 37:14 38:7

U
ultimately 29:9
unconditional 22:14
unconstitutional 21:10
undercover 20:4
understand 2:16 3:7,10,24
5:3 7:15 8:14 9:10,19 10:10
11:7,24 12:8,18 13:7,17,25
14:6,10,11,16,17,20,21,25
15:3,4,9,18 16:18 17:1,7,19
17:20 18:3,9 19:3 21:17,22
22:7,18 23 4,19 24:18 25:4

25.25 26:3,4,10,11,15,16
26:19,20,24,25 27:5,6,10
27:11,15,16,19,20,23,24
28:2 32:18 33:23 34:10,12.
35:7,15,16 36:6
**understanding** 16:4 25:7
34:14
**understandings** 25:9
**United** 1:1,4,11,19 24,8 6:18
6:19 7:6,25 8:2,22 10:15
20:20 22:13 23:23 28:12
33:18,20 35:6 38:17
**University** 4:10
**upcoming** 36:3,7
**upper** 28:18
**upward** 15:5 23:15 24:16
**use** 10:25 18:13
**utilized** 31:24
**U.S** 1:14 36:22

---
**v**
v 1:6 16:1
**valid** 32:18
**valuable** 26.6
**value** 29:15,21 30:2,8,24
**valued** 31:21
**various** 28:23 30:11
**venture** 29.9,12,14 30:5
**verdict** 7:20 9:24 11:12
**victim** 32:14
**victims** 19:14
**violation** 6:18 7:5 8:22 10:14
**voluntarily** 20:18 27:18
**voluntary** 33:8
**vote** 26:7
**vs** 2:4

---
**w**
**wait** 36:18
**waive** 20:19
**waived** 28:1
**waiver** 22:10,12 23:7,17,21
24:14
**want** 34 8 36:5,10,12 39.1
**warranted** 22 6
**way** 5:2 13.20 25:17 27:22
37:11
**weird** 37:13
**We'll** 38:21
**we've** 26:12
**whichever** 16:22
**wife** 2:12
**willfully** 8.6,25 10:9,18 11:16
**wire** 7:13 8:3 1p:14,25 11:4,7
11:21,22,24 12:21 31:17,24
**wire-transferred** 31:12
**wishes** 2:17
**withdraw** 14:18 18:7 25:1
**withhold** 21:9
**witnesses** 27:7,8,14
**words** 7:5,12 8:6
**work** 13:21 20:3
**worked** 9:5
**works** 21:1
**worst** 13:12
**worth** 31:22
**written** 5:20
**wrong** 22:24

---
**x**
**XLIV** 16:2
**XLVI** 16.2
**XXX** 16:1
**XXXI** 2:18 3:2 8:17,20 9:12
10.11 12:11,19 15:23 31:4
33.1,12

---
**XXXIV** 16:1
**XXXV** 16:1
**XXXVII** 2:22 3:2 10:13,24
11:2,23 12:21 13:7 15:24
31:15 33:1,13
**XXXVIII** 16:2

---
**Y**
**year** 34:9 37:17,17,25 39:2
**years** 4:7 12:3,6,6,13,15,16
12:23,25,25 13:16,24

---
**$**
$1 12:16 13:1 29:16 31:23
$100 12:17 13:2 18:17 32:15
$170 32:13
$200,000 9:15 10:5 31:3
$250,000 12:7 29:19
$350,000 11:4,23 31:12
$750,000 9:5 10:4 29:18

---
**0**
03-20951 2:4
03-20951-CR-AJ 1:4

---
**1**
10 19:12
10th 34:24
10:15 1:6 2:1
11 1:5 2:1 19:19
11:00 39.7
12 20:7,18
13 20:25
1343 10:15
1344 7:5 8:23
14 20:25 22:9
15 22:10 23:21 24:7 31:2
15th 9:14
16 24:20
18 6:18 7:5 8:22 10.15 22:13
29:11
19 25:6
1994 6:21 10:16 31:10
1997 29:7
1998 9:9 29:7,11,18,20 30.6
1999 32:4

---
**2**
2B1.1(b)(8)(C) 18:20
20 34:9 37:15,16
2002 8:14 11:3 18:14 30:7
31:2,11
2003 6:21 7:23 10:17 31:10
2004 15:2:1
205E 1:20
2241 23:24
2254 23:24
2255 23:24
23 29:20
27th 11:3 31:11
28 23:23
299 1:20

---
**3**
3 16:7
3B1.C 18:24
3B1.2 19:8
30 12:13,22 34:9
305J523-5568 1:25
3127 1:17
33132 1:15
33134-6816 1:17
33301 1:20
35 34:18 35:21,22 36:4,7
371 6:19

---
3742 22:14

---
**4**
4 16:10
4th 1:14
48 4:7 5:8

---
**5**
5 16:10 19:9
5K1 35:21
5K1.1 36:16

---
**6**
6 16:13

---
**7**
7 16:20

---
**8**
8 17:21
8th 9:9 29:18

---
**9**
9 19:6
94 7:22
95 13:16,24
954)769-5687 1:21
99 1:14

# C E R T I F I C A T E

I certify that the foregoing is a correct transcript from

the record of proceedings in the above-entitled matter.


_Francine C. Salopek_                    7-15-04
Francine C. Salopek, RMR, CRR            Date
Official Court Reporter