UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                    Chapter 11

E.S. BANKEST, L.C.,                                       Case No. 04-17602-BKC-AJC

                              Debtor.
_____/

LEWIS B. FREEMAN, Responsible Officer
for the Reorganized Debtor E.S. Bankest, L.C.,
a Florida limited liability corporation,

                              Plaintiff,
v.                                                        Adv. Pro. No. 06-1220-BKC-AJC-A

BDO SEIDMAN, LLP, BDO INTERNATIONAL
B.V., and SANDOR LENNER,

                              Defendants.
_____/

**STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF
MOTION OF DEFENDANTS BDO SEIDMAN, LLP
AND SANDOR LENNER FOR SUMMARY JUDGMENT**

Pursuant to Southern District of Florida Local Rule 7.5, Defendants BDO Seidman, LLP
and Sandor Lenner ("BDO Seidman"), respectfully submit the following Statement Of
Uncontested Facts in support of their motion for summary judgment.  The following facts are
uncontested for purposes of the motion for summary judgment:

1.      Prior to August, 2003, the Debtor, E.S. Bankest, L.C. ("Bankest"), purportedly
engaged in the business of factoring accounts receivable.  (Adv. Comp. ¶ 17.)

2.      For most of its existence, Bankest was 50% owned by Espirito Santo Bank
("Espirito Santo") and 50% owned by Bankest Capital Corporation ("BCC").  (Adv. Comp. ¶
17.)

3.      Espirito Santo and BCC appointed the directors of Bankest.  Espirito Santo and BCC also appointed Hector Orlansky, Eduardo Orlansky, Dominic Parlapiano, and Carlos Mendez (the "Managers") to manage the operations of the company and to provide BDO Seidman with the information necessary to complete its annual audits.  (Exh. "Q" [5/21/07 A.M. Trial] Tr. at 56-57; Adv. Comp. ¶ 16.)[1]

4.      BDO Seidman's audit relationship with Bankest was governed by a series of engagement agreements under which BDO Seidman agreed to provide the audit services at issue in this action.  Pursuant to signed engagement agreements with Bankest, BDO Seidman conducted audits and tests of Bankest's year-end financial statements between 1999 and 2003 to obtain "reasonable assurance" that the "financial statements are free of material misstatement," and to determine if they "present fairly, in all material respects, the financial position of E.S. Bankest . . . in conformity with generally accepted accounting principles."  (Adv. Comp. ¶ 108; Exh. "V" [Engagement Agreement].)

5.      Unbeknownst to BDO Seidman, the Managers appointed to provide BDO Seidman with the information necessary to conduct its audits were engaged in a complex and massive fraud designed to "thwart" the audit function.  (Exh. "U" [Indictment] ¶¶ 11-15; Exh. "E" [Mendez Depo.] Tr. at 212:14-17.)

6.      The Managers, with the help of persons outside of Bankest, created fake documentation, checks, invoices, insurance reports, collection transactions, deposit slips, minutes, bank statements, and aging reports to be provided to BDO Seidman.  (Exh. "Q" [Mendez Depo.] Tr. at 51-53:9, 117-154, 211:3-14, 212:6-12.)

---

[1] The Exhibits referred to herein are submitted under separate cover.

7.    The Managers never told BDO Seidman that the documents and information provided to complete its audits were fake. (Exh. "E" [Mendez Depo.] Tr. at 120:7-9, 142:12-21, 148:1-4.)

8.    Throughout the time period relevant to this action, the Managers knew that Bankest's financial statements were false.  (Exh. "A" [1/31/07 P.M. Trial] Tr. at 34-35; Exh. "B" [Parlapiano Allocution] at 30; Exh. "C" [Mendez Allocution] at 25-27.)

9.    Despite owning 50% of Bankest, appointing 50% of its directors, and appointing the Managers, Espirito Santo somehow "missed" the fact that its subsidiary was being used as a conduit for a massive fraud.  (Adv. Comp. ¶¶ 16, 18, 19.)

10.    To fund its business, Bankest issued debenture notes and took loans with the express purpose of using the proceeds to purchase accounts receivable.  (Adv. Comp. ¶ 19.)

11.    The Managers used false financial statements to raise debt financing.  (Exh. "E" [Mendez Dep.] Tr. at 101:4-14; Exh. "B" [Parlapiano Allocution] at 30.)

12.    When Bankest sold a debenture or took a loan, it received in cash the face value of the debenture or loan in return.  (Exh. "D" [2/21/08 Freeman Dep.] Tr. at 31:1-20.)

13.    Although some of the debenture and loan proceeds were used to purchase real accounts receivable, most of the proceeds were advanced to Bankest's "portfolio" clients in the form of direct investments and loans.  (Exh. "D" [2/21/08 Freeman Dep.] Tr. at 32:7-15, 34:6-15, 36:8-11; Exh. "E" [Mendez Dep.] Tr. at 101:5-14; Exh. "F" [1/31/07 A.M. Trial] Tr. at 66-68.)

14.    In return for the advances, Bankest received potential ownership interests in some of the "portfolio" clients.  (Exh. "J" [First Amendment to Schedule B-1 of Stratasys Factoring Agreement]; Exh. "L" [McGladrey Adversary Complaint] ¶¶ 7, 37-42.)

3

15.     In return for the advances, Bankest also received commitments from the portfolio clients to pay back the advances with interest secured by certain assets of the portfolio clients. (Exh. "S" [1/26/07 P.M. Trial] Tr. at 18:17-20; Exh. "G" [Stratasec Factoring Agreement] at 3, 7; Exh. "H" [Joy Factoring Agreement, and Amendment] at 2, 4; Exh. "I" [Stratasys Factoring Agreement] at 3, 6; Exh. "K" [Joy Athletic Agreed Order and Proof of Claim]; Exh. "T" [2/18/05 Freeman Dep.] Tr. at 79-80; Exh. "W" [United Container Proof Of Claim].)

16.     The Managers received no material benefit from the fraud, other than their ordinary compensation.  (Exh. "D" [2/21/08 Freeman Dep.] Tr. at 17-19; Exh. "M" [3/22/06 Trial] Tr. at 166; Exh. "N" [12/1/06 Sentencing] Tr. at 20:1-3.)

17.     Espirito Santo received $2 million in dividends from Bankest, and received $10 million in a sale of its ownership interest in Bankest.  (Exh. "O" [10/30/02 Minutes] at 2; Exh. "P" [9/18/02 Check].)

18.     Bankest could not have relied upon BDO Seidman's audits, and those audits could not have caused harm, because Bankest knew (through its Managers) that its financial statements were false.  (Exh. "A" [1/31/07 P.M. Trial] Tr. at 34-35; Exh. "B" [Parlapiano Allocution] 30; Exh. "C" [Mendez Allocution] at 25-27.)

## CONCLUSION

Based upon the foregoing uncontested facts, and as demonstrated in the accompanying motion, the Court should enter summary judgment dismissing the Adversary Complaint in its entirety.

GREENBERG TRAURIG, P.A.
Attorneys for BDO Seidman, LLP and Sandor Lenner
1221 Brickell Avenue
Miami, FL 33131
Phone: (305) 579-0500
Fax: (305) 579-0717


By: _____/s/ John B. Hutton_____
                        JOHN B. HUTTON
                        Florida Bar No. 902160

                        MARK D. BLOOM
                        Florida Bar No. 303836

Of Counsel

Karen Y. Bitar
Adam D. Cole
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York, 10166
(212) 801-9200


*ATTORNEYS FOR BDO*
*SEIDMAN, LLP AND SANDOR LENNER*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　/s/ John B. Hutton    
　　　　　　　　　　　　　　　　　　JOHN B. HUTTON

**<u>Service List</u>**

Mark F. Raymond, Esq.
Rhett Traband, Esq.
Co-Counsel for BDO International
Broad and Cassel
One Biscayne Tower, 21st Floor
2 South Biscayne Blvd.
Miami, FL 33131

Kevin W. Goering, Esq./Lisa M. Lewis, Esq.
Counsel for BDO International
Sheppard, Mullin, Richter & Hampton, LLP
30 Rockefeller Plaza, 24th Floor
New York, NY 10112

Warren R. Trazenfeld, Esq.
Counsel for Plaintiff
3225 Aviation Avenue, Suite 600
Miami, Florida 33133-4741

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Co-Counsel for Plaintiff
100 S.E. Second Street, 44th Floor
Miami, Florida  33131

Karen Y. Bitar, Esq./Adam Cole, Esq.
Counsel for BDO
Greenberg Traurig, P.A.
MetLife Building
200 Park Avenue
New York, New York 10166

Daniel F. Blonsky, Esq.
Coffey Burlington
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, FL 33133

Office of the U.S. Trustee
51 S.W. First Ave., Room 1204
Miami, FL 33130