

**ORDERED in the Southern District of Florida on July 23, 2010.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| E.S. BANKEST, L.C., | Case No. 04-17602-BKC-AJC |
| Debtor, | |
| _____/ | |
| BARRY MUKAMAL, Responsible Officer for the Reorganized Debtor E.S. Bankest, L.C., a Florida limited liability corporation,[1] | |
| Plaintiff, | |
| vs. | Adv. No. 06-1220-BKC-AJC-A |
| BDO SEIDMAN, LLP, BDO INTERNATIONAL B.V., and SANDOR LENNER, | |
| Defendants. | |
| _____/ | |

**ORDER CLARIFYING ORDER DENYING BDO SEIDMAN, LLP AND
SANDOR LENNER'S MOTION FOR SUMMARY JUDGMENT**

---

[1] In accordance with this Court's docket, Barry Mukamal replaced Lewis B. Freeman as the Responsible Officer for E.S. Bankest, L.C. and the caption in this proceeding has been revised to reflect same.

THE MATTER originally came before the Court on September 18, 2008 at 2:00 p.m. in Miami, Florida upon the Motion of Defendants BDO Seidman, LLP and Sandor Lenner (collectively "BDO") for Summary Judgment (the "Motion") against Plaintiff Lewis B. Freeman, the Responsible Officer for the Reorganized Debtor E.S. Bankest, L.C. ("Bankest"). By Order dated April 6, 2010, this Court denied the Motion. [D.E. #239]. BDO filed notice of leave to appeal and, on June 10, 2010, the District Court entered its *Order Granting for Limited Purpose BDO's Motion for Leave to Appeal* [D.E. #19 in District Court Case No. 10-21635] (the "District Court Leave Order") requesting the Bankruptcy Court to clarify whether BDO's defenses of *in pari delicto* and imputation are barred as a matter of law. The District Court Leave Order directed this Court to clarify whether it:

> (i) intended the denial of BDO's Motion to bar BDO's *in pari delicto* and imputation defenses as a matter of law, such that BDO will not be allowed to present evidence in support of those defenses at trial; or, (ii) denied summary judgment only upon a determination that there are genuine issues of material fact on those defenses, such that BDO may present evidence at trial on either or both of the defenses.

At a hearing held upon remand on June 17, 2010, both parties agreed that the Order denied the imputation and *in pari delicto* defenses, at least in part, as a matter of law.[2] At the June 17, 2010 hearing, this Court directed the parties to submit either memoranda of law or proposed orders supporting their respective positions on the issues framed by the District Court Leave Order by July 1, 2010, as memorialized in this Court's Scheduling Order [D.E. #284] entered on June 28, 2010.

---

[2] June 17, 2010 Transcript [D.E. #286] at 18:17-20 (Plaintiff: "We believe that Your Honor ruled as a matter of law that [the imputation/ *in pari delicto* defense] was not a defense that would be available to defendants."); *id.* at 19:18-22 (BDO: "I agree with the first part of Mr. Singerman's statement, and that is, it is our understanding, as well, that Your Honor denied summary judgment on the basis that these defenses of imputation and *in pari delicto* could not raised."); 19:5-7, 20:7-9.

After the hearing and only after entry of the Scheduling Order which the parties were directed to draft jointly, BDO objected to the submission of post-hearing memoranda or proposed orders. While the Court found no basis for BDO's objections, it sustained same for the reasons stated previously in the Court's orders. As stated in the orders, the Court determined it would decide this matter based upon a review of the orders in this case, the Court's notes from the proceedings herein and recollections therefrom. Accordingly, this Order clarifies that (i) BDO Seidman's defenses of *in pari delicto* and imputation are barred as a matter of law, and (ii) on different, and alternative grounds, genuine issues of material fact also require denial of the summary judgment motion. The original order otherwise remains unchanged.

The Bankruptcy Court perceived the arguments presented by BDO for summary judgment in their favor to be based on multiple grounds, including but not limited to the affirmative defenses of *in pari delicto* and imputation. The Court was not persuaded that, as a matter of law, BDO Seidman was entitled to the defenses of *in pari delicto* and imputation and they were not entitled to summary judgment on these defenses.

However, without granting summary judgment in favor of the Plaintiff on this issue at this juncture, the Court thought BDO could have a second bite at the apple by presenting the defenses again to the District Court at trial. This approach was perhaps error. The Court therefore enters partial summary judgment in favor of Plaintiff and against BDO on the defenses of *in pari delicto* and imputation and rules that BDO should not be allowed to present evidence in support of those defenses at trial.

As set forth in *O'Halloran v. PriceWaterhouseCoopers LLP*, 969 So. 2d 1039 (Fla. 2d DCA 2007), *in pari delicto* means "in equal fault" and "in its classic formulation, the *in pari delicto* defense was narrowly limited to situations where the Plaintiff truly bore at least

3

substantially equal responsibility for his injury." 969 So. 2d at 1044. "Broadly speaking, the defense prohibits plaintiffs from recovering damages resulting from their own wrongdoing." *Id.* (citations omitted).

Here, as in the *O'Halloran* case, the accountant defendant moved to bar plaintiff's claims "by the doctrines of imputation and *in pari delicto*." *Id.* at 1041. Imputation is the means by which wrongful conduct is attributed to the corporation, thus determining whether *in pari delicto* can, subject to law and public policy considerations, apply. *See id.* at 1044-46. Thus, if wrongful conduct cannot be "imputed" to the corporation, there is no *in pari delicto* either. *See id.* at 1044 ("Where the defense of *in pari delicto* is asserted against a corporate entity based on the misconduct of the corporation's agents, it must be determined whether the misconduct is properly imputed to the corporation."). Even where the wrongful conduct of a corporate person is imputed, *in pari delicto* may still not apply. *See id.* & n.4; *see also Kulla v. E.F. Hutton & Co., Inc.*, 426 So. 2d 1055, 1057 n.1 (Fla. 3d DCA 1983).

The Court's Order held that because Bankest had four innocent directors—the Bank Directors—BDO's imputation and *in pari delicto* defenses failed. The *in pari delicto* defense is available only to a defendant who was involved a fraudulent scheme with a plaintiff. The Court reasoned that when Bankest declared bankruptcy, Bankest was no longer being run by the wrongdoers who had committed the fraud, the Capital Officers. *See In re Le-Nature's Inc.*, 2009 WL 3571331, at *6 (W.D. Pa. Sept. 16, 2009); *see also In re Le-Nature's Inc.*, 2009 WL 3526569, at *2-*3 (W.D. Pa. Oct. 23, 2009). Instead, prior to the bankruptcy filing, the United States District Court for the Southern District of Florida had appointed a Receiver over Bankest. In fact, it was the appointment of the Receiver that led to the detection of the fraud.

As in *Le-Nature*, Bankest, by the Receiver, literally "rid itself of the corrupt influence of certain corporate officers *prior* to the bankruptcy filing." *See Le-Nature*, 2009 WL 3571331, at *6 (emphasis in original). A "complete usurpation of corporate authority" occurred when the Receiver was appointed by the Federal District Court over Bankest. *See id.* Because the Receiver was appointed and took over Bankest's business *before* the filing of the bankruptcy case, Bankest "was no longer being operated by a corrupt management team." *Id.* Because the company "was not being run by the wrongdoers who allegedly engaged in fraud," "there is no fraud to impute." *Id.* As a result, where there is no fraud to impute, there can be no *in pari delicto* either attaching to the Responsible Officer and Liquidating Trustee as Plaintiff in this case. *See id.*

There is substantial law that imputation and *in pari delicto* do not apply to a Court-appointed Receiver. *See Scholes v. Lehmann*, 56 F.3d 750, 754-55 (7th Cir. 1995) ("The appointment of the receiver removed the wrongdoer from the scene."); *Fuzion*, 332 B.R. at 233 ("the defense of *in pari delicto* loses its sting when the person who is *in pari delicto* is eliminated."); *Pearlman v. Alexis*, 2009 WL 3161830, at *4 (S.D. Fla. Sept. 25, 2009) (same). Since it was this Court-appointed Receiver that put Bankest into bankruptcy – and no prior wrongdoing could be imputed to him in that capacity and thus no *in pari delicto* defense could apply – it would make no sense to say that suddenly imputation and *in pari delicto* were "back" when that Receiver caused Bankest to file for bankruptcy. As a result, the imputation and *in pari delicto* defenses are denied as a matter of law and no such evidence should be permitted at trial.

Defendants sought summary judgment on several other grounds, including the scienter element of Plaintiff's 10b-5 claim, whether the Plaintiff can establish causation "in connection with" and damages and whether Plaintiff can prove that Defendants aided and abetted a breach

5

of fiduciary duty. A review of the operative complaint against BDO indicates that various allegations contained therein are disputed and require proof at a trial; and, therefore, this case cannot be entirely disposed of on summary judgment, either for Plaintiff or Defendants. Likewise, BDO's answer to the operative complaint contains, in addition to a denial of allegations, several other affirmative defenses, in addition to the *in pari delicto* and imputation defense, of which many are denied or disputed; and, therefore, the other defenses are not ripe for consideration and determination on summary judgment.

Accordingly, it is

**ORDERED AND ADJUDGED** that, in response to the its *Order Granting for Limited Purpose BDO's Motion for Leave to Appeal*, this Court CLARIFIES its prior Summary Judgment Order as follows:

1. The *Order Denying BDO Seidman, LLP and Sandor Lenner's Motion for Summary Judgment* entered April 6, 2010 is AMENDED AND MODIFIED so as to GRANT Partial Summary Judgment, as a matter of law, in favor of the Plaintiff and against the Defendants on the affirmative defense of *in pari delicto* and imputation, precluding the presentation of evidence on that issue at trial. A separate judgment will be entered contemporaneously herewith.

2. This case is not ripe for summary judgment on any other grounds and the *Order Denying BDO Seidman, LLP and Sandor Lenner's Motion for Summary Judgment* therefore remains in full force and affect with respect to all other rulings.

3. It is hoped that this Order is helpful in assisting the United States District Court in deciding whether the interlocutory appeal should go forward.

# # #

<u>Copy Furnished To:</u>

Mark Bloom, Esq.
Paul Steven Singerman, Esq.

*(Attorney Singerman is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*